(900 P.2d 854)
No. 71,232

STATE OF KANSAS, *Appellee*, v. KEVIN J. STRICKLAND, *Appellant*.

—

Opinion filed March 24, 1995.

*Edward G. Collister, Jr.*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Scott C. Rask*, assistant county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before BRAZIL, P.J., GERNON, J., and DAVID J. KING, District Judge, assigned.

KING, J.: Kevin J. Strickland appeals the sentence imposed pursuant to the Kansas Sentencing Guidelines Act, K.S.A. 1994 Supp. 21-4701 *et seq.*, following his guilty plea to felony possession of marijuana and two counts of misdemeanor battery. Strickland challenges the trial court's determination of his criminal history classification and its refusal to make a departure from the guidelines sentence.

We conclude the trial court erred in admitting evidence to prove an out-of-state felony conviction and, therefore, vacate Strickland's sentence and remand for resentencing. The effect of the admission of the disputed evidence was to change Strickland's criminal history from category G to category F; this changed his presumptive sentence from probation to imprisonment. See K.S.A. 1994 Supp. 21-4705.

The criminal history worksheet included in Strickland's presentence investigation report showed two prior felony convictions: one from Labette County and the other from Grant County, Oklahoma. Strickland objected to the criminal history worksheet pursuant to K.S.A. 1994 Supp. 21-4715(c), which provides:

"Upon receipt of the criminal history worksheet prepared for the court, the offender shall immediately notify the district attorney and the court with written notice of any error in the proposed criminal history worksheet. The state shall have the burden of producing further evidence to satisfy its burden of proof regarding any disputed part, or parts, of the criminal history and the sentencing judge shall allow the state reasonable time to produce such evidence to establish the disputed portion of the criminal history by a preponderance of the evidence."

At the hearing to consider Strickland's objection to the criminal history worksheet, the State offered documentary evidence and testimony to prove the Oklahoma felony conviction. Strickland objected to the admission of the State's evidence. The documentary evidence consisted of an information charging Strickland with feloniously concealing stolen property and a journal entry indicating Strickland had entered a plea of nolo contendere to the charge. The testimony consisted of statements Strickland made to the presentence investigator about the Oklahoma conviction. According to the presentence investigator, Strickland admitted the Oklahoma conviction but stated he believed it was a misdemeanor crime, not a felony.

The admission of evidence lies within the sound discretion of the trial court and will not be disturbed absent a showing of abuse of that discretion. See *State v. Lavery*, 19 Kan. App. 2d 673, 684, 877 P.2d 443 (1993).

Strickland argues the Oklahoma documents were not admissible because they were not properly authenticated. His argument is well

founded. Copies of official records may be admissible as an exception to the rule excluding hearsay if properly authenticated under K.S.A. 60-465. See K.S.A. 60-460(o). A copy of an official record meets the requirements of authentication pursuant to K.S.A. 60-465 if

"(1) the judge finds that the writing purports to be published by authority of the nation, state or subdivision thereof, in which the record is kept; or (2) evidence has been introduced sufficient to warrant a finding that the writing is a correct copy of the record or entry; or (3) the office in which the record is kept is within this state and the writing is attested as a correct copy of the record or entry by a person purporting to be an officer, or a deputy of an officer, having the legal custody of the record; or (4) if the office is not within the state, the writing is attested as required in clause (3) of this section and is accompanied by a certificate that such officer has the custody of the record."

While the documents the State offered to establish the Oklahoma felony conviction were certified or "attested" as correct copies by the court clerk for Grant County, Oklahoma, in compliance with K.S.A. 60-465(3), they were not accompanied by the certificates required under K.S.A. 60-465(4). In addition, the trial court did not make findings sufficient to meet the requirements for authentication under K.S.A. 60-465(1) or (2). Accordingly, the documents did not meet the authentication requirements of K.S.A. 60-465 and, therefore, were not admissible under K.S.A. 60-460(o).

We hold that when the State attempts to establish a defendant's criminal history in a hearing pursuant to K.S.A. 1994 Supp. 21-4715 using copies of official court documents, those documents must meet the authentication requirements under K.S.A. 60-465 in order to be admissible as an exception to the rule against hearsay under K.S.A. 60-460(o). For copies of documents from Kansas courts, certification will suffice to meet the authentication requirements under K.S.A. 60-465(3). Copies of documents coming from courts of other states need to be certified or "attested" and, in addition, accompanied by the certificate required by K.S.A. 60-465(4) in order to meet the requirements for authentication. A similar rule has been applied when proving prior convictions in proceedings to invoke the enhanced penalty provisions of the Habitual Criminal Act, K.S.A. 1994 Supp. 21-4504. See *State v. Baker,*

237 Kan. 54, 55, 697 P.2d 1267 (1985); *State v. Crichton*, 13 Kan. App. 2d 213, 216-17, 766 P.2d 832 (1988), *rev. denied* 244 Kan. 739 (1989).

Given that the documentary evidence was not properly admitted, the only evidence produced by the State to establish the Oklahoma conviction was the presentence investigator's testimony regarding Strickland's out-of-court statements concerning his criminal history. This testimony standing alone was not substantial competent evidence which would establish a prior felony conviction by a preponderance of the evidence. First, Strickland did not admit to a felony conviction; he stated he thought it was a misdemeanor. Second, Strickland did not admit to the conviction "in open court" as required by K.S.A. 1994 Supp. 21-4715(a).

We hold that a statement by a criminal defendant to a court services officer during the course of a presentence investigation, standing alone is not sufficient competent evidence of a prior conviction to meet the State's burden of proof under K.S.A. 1994 Supp. 21-4715. See *State v. Hicks*, 11 Kan. App. 2d 76, Syl. ¶ 6, 714 P.2d 105 (1986).

Given our findings that the trial court erred in determining Strickland's criminal history category, it is unnecessary for us to address the denial of his motion for a departure sentence.

Sentence vacated; case remanded for resentencing.