(933 P.2d 782)

No. 74,870

STATE OF KANSAS, *Appellee*, v. KEVIN J. STRICKLAND, *Appellant*.

Opinion filed March 7, 1997.

*Edward G. Collister, Jr.*, special appellate defender, and *Steven R. Zinn*, deputy appellate defender, for the appellant.

*Scott C. Rask*, assistant county attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before MARQUARDT, P.J., PIERRON, J., and ROGG, S.J.

PIERRON, J.: Kevin J. Strickland appeals the district court's re-determination of his criminal history after he appealed the original determination to this court and the case was remanded for resentencing. We affirm.

Strickland pled guilty to one count of possession of marijuana, a nonperson, severity level 4 drug felony, in violation of K.S.A. 1993 Supp. 65-4127b(a)(3), and two counts of battery, class B misdemeanors, in violation of K.S.A. 1993 Supp. 21-3412. Prior to sentencing, a presentence investigation (PSI) report with an attached criminal history worksheet was filed. The presentence investigator, Mark Bruce, determined that Strickland had a category "F" criminal history based upon a felony conviction in Labette County for theft and a felony conviction in Oklahoma for concealing stolen property.

Pursuant to K.S.A. 21-4715(c), Strickland notified the State and the trial court in writing that he objected to the criminal history classification contained in the criminal history worksheet. Specifically, he challenged the Kansas conviction and the Oklahoma conviction. He also filed a motion for departure from the presumptive sentence.

Before imposing sentence, the trial court conducted a hearing on Strickland's objection to his criminal history classification. Strickland dropped his objection to the Kansas conviction, but continued to challenge the Oklahoma conviction.

To prove the Oklahoma conviction, the State offered a copy of an information charging Strickland with concealing stolen property and a copy of a journal entry with the same case number which indicated Strickland had been charged with concealing stolen property, a felony in Oklahoma, and had entered a plea of nolo contendere to the charge. The journal entry also showed that a 3-year sentence had been imposed and all but 9 months of the term were suspended.

In addition to the documentary evidence, Mark Bruce testified about a conversation with Strickland in the course of preparing the PSI report in which Strickland told Bruce he did not contest the Oklahoma conviction, but believed it was a misdemeanor, not a felony.

Strickland objected to the admission of the documentary evidence on the grounds that the documents were not properly authenticated. The documents were certified by the clerk of the district court in Grant County, Oklahoma, but were not accompanied by the certificates required to authenticate documents from other states. See K.S.A. 60-465(4). The trial court acknowledged the documents were not authenticated, but ruled that based upon the evidence presented, the State had met its burden to establish the existence of the conviction and subsequently approved the determination of Strickland's criminal history category F. The district court imposed a 17-month prison sentence for possession of marijuana and 10 days' imprisonment for each battery count. Strickland appealed.

In *State v. Strickland*, 21 Kan. App. 2d 12, 900 P.2d 854 (1995), this court agreed with Strickland, vacated his sentence, and remanded the case for resentencing. The court held: "Copies of documents coming from courts of other states need to be certified or 'attested' and, in addition, accompanied by the certificate required by K.S.A. 60-465(4) in order to meet the requirements for authentication." 21 Kan. App. 2d at 14. In the absence of the proper documentation, the *Strickland* court concluded that a statement by a criminal defendant to a court services officer during the course of a presentence investigation, standing alone, is not sufficient competent evidence of a prior conviction to meet the State's burden of proving a defendant's criminal history. 21 Kan. App. 2d at 15.

Upon remand and resentencing, the State produced a properly authenticated copy of Strickland's Oklahoma felony conviction. Strickland objected, stating that had the Oklahoma conviction been properly excluded in the first place, the appeal probably would not have taken place since he would have been in a presumptive probation grid box. The State argued that Strickland had admitted he had the conviction and the only difference between the evidence it presented at the first sentencing hearing and the evidence at the second sentencing hearing was the authenticating certificate attached to the complaint and judgment/sentence of the Oklahoma conviction.

The district court admitted the authenticated copy of the Oklahoma felony conviction and sentenced Strickland to 16 months' incarceration. Strickland appeals.

The interpretation of the Kansas Sentencing Guidelines Act is a question of law. An appellate court's scope of review on questions of law is unlimited. *State v. Arculeo*, 261 Kan. 286, Syl. ¶ 1, 933 P.2d 122 (1997).

At the original sentencing hearing in 1993, Strickland filed an objection to the criminal history worksheet pursuant to K.S.A. 21-4715(c), which provides:

"Upon receipt of the criminal history worksheet prepared for the court, the offender shall immediately notify the district attorney and the court with written notice of any error in the proposed criminal history worksheet. The state shall

have the burden of producing further evidence to satisfy its burden of proof regarding any disputed part, or parts, of the criminal history and the sentencing judge shall allow the state reasonable time to produce such evidence to establish the disputed portion of the criminal history by a preponderance of the evidence."

Copies of official records may be admissible as an exception to the rule against hearsay under K.S.A. 60-460(o) if properly authenticated under K.S.A. 60-465. A copy of an official record meets the requirements of authentication pursuant to K.S.A. 60-465 if

"(1) the judge finds that the writing purports to be published by authority of the nation, state or subdivision thereof, in which the record is kept; or (2) evidence has been introduced sufficient to warrant a finding that the writing is a correct copy of the record or entry; or (3) the office in which the record is kept is within this state and the writing is attested as a correct copy of the record or entry by a person purporting to be an officer, or a deputy of an officer, having the legal custody of the record; or (4) if the office is not within the state, the writing is attested as required in clause (3) of this section and is accompanied by a certificate that such officer has the custody of the record."

K.S.A. 60-465(4) contains additional directions with regard to who may properly provide the certificate required by the subsection.

When the State attempts to establish a defendant's criminal history in a hearing pursuant to K.S.A. 21-4715 using copies of official court documents, those documents must meet the previously stated requirements of authentication under K.S.A. 60-465 in order to be admissible as an exception to the rule against hearsay under K.S.A. 60-460(o). For copies of documents from *Kansas* courts, certification will suffice to meet the requirement for authentication under K.S.A. 60-465(3). Copies of documents coming from *courts of other states* need to be certified or "attested" and, in addition, accompanied by the certificate required by K.S.A. 60-465(4) in order to meet the requirements for authentication. A similar rule has been applied when proving former convictions in proceedings to invoke the enhanced penalty provisions of the Habitual Criminal Act, K.S.A. 21-4504. *State v. Baker*, 237 Kan. 54, 55, 697 P.2d 1267 (1985); *State v. Crichton*, 13 Kan. App. 2d 213, 216-17, 766 P.2d 832 (1988), *rev. denied* 244 Kan. 739 (1989).

The narrow issue presented here is whether the State can present the proper authenticating documents to the sentencing court

in a case that has been remanded for resentencing because the State, at the original sentencing hearing, failed to produce that documentation when attempting to verify a contested conviction in a defendant's criminal history.

Strickland argues that if the trial court had correctly ruled that the State did not have the proper authentication of the Oklahoma conviction, then his sentencing guidelines classification would have been 4-G on the drug grid and he would have fallen within the presumptive probation portion of the drug grid. He argues it is an injustice if the State is now given an opportunity to introduce sufficient evidence, when it could not have done so had the trial court made the correct ruling.

The State contends Strickland's rationale fails to conform with the goals of the KSGA, namely, imposing uniformly based sentences using the severity level of the offenses and the criminal histories of individual defendants. See K.S.A. 21-4702. The State argues Strickland's rationale cuts both ways. At resentencing, Strickland introduced evidence of a clean urinalysis test and how he had purportedly behaved himself while on appeal bond. The State argues that if Strickland can introduce new evidence at the resentencing, the State should not be prohibited from doing the same. The State also indicates there is no statutory or case law authority prohibiting the State from introducing the new evidence at resentencing.

Strickland attempts to analogize his case to a situation where a jury concludes there is insufficient evidence to convict an accused. In such a case, Strickland states, there can be no conviction and no retrial. He cites *State v. Stafford*, 255 Kan. 807, 878 P.2d 820 (1994), where the court vacated a sentence under the hard 40 rule because during jury deliberations of the sentencing phase, the district court did not set forth an adequate reason to justify excusing a juror. The court held the defendant was deprived of a verdict since a hung jury, in the context of the hard 40 rule, means the defendant will be imprisoned for life with eligibility for parole. Therefore, the *Stafford* court held the hard 40 sentence was not available at the defendant's resentencing. 255 Kan. at 825-26.

The State argues *Stafford* is not applicable because it does not hold that evidence could not be introduced on remand, but specifically stated that a certain sentence could not be imposed. The State maintains *Stafford* is contrary to Strickland's position because this court could have been more specific with its remand of Strickland's case if it truly believed he could not be sentenced using the Oklahoma felony conviction.

Strickland also cites *Stewart v. Cunningham*, 219 Kan. 374, 381, 548 P.2d 740 (1976), where the court stated: "A new trial should not be granted merely because a party has failed to establish grounds for recovery during a trial and feels he might prevail if given a new trial." The State does not address *Stewart.*

Based on *Stafford* and *Steward*, Strickland argues the State should not be given a second chance. He contends the State had its opportunity to introduce evidence sufficient to establish his criminal history and it failed to produce the authentication certificate. He also argues the fact that the State did not request additional time to obtain the authentication certificate is significant since the district court has the authority to grant the State more time to accumulate evidence if necessary. See K.S.A. 21-4715(c). Since the State failed the first time, Strickland maintains the State should be bound with the conclusion that it did not prove the Oklahoma felony conviction.

The State counters Strickland's fairness argument by contending the introduction of evidence leading to the correct determination of criminal history should be mandated. The State supports its position by citing the statutory prohibition against plea agreements which decline to use or which exclude any prior conviction from a defendant's criminal history. See K.S.A. 21-4713(f).

A case not considered by either party is this court's recent decision in *State v. Tolliver*, 22 Kan. App. 2d 374, 916 P.2d 725 (1996). In *Tolliver*, the parties agreed with the PSI report that Tolliver had no criminal history, and he was sentenced accordingly. Three weeks after sentencing, the State moved to set aside Tolliver's sentence as illegal, alleging he actually possessed a lengthy criminal history and was on parole when the crime of conviction was committed. The State also claimed Tolliver had failed to advise

the court services officer who prepared the PSI report of his correct criminal history. The district court granted the State's motion and ultimately found Tolliver was classified in category 7-B instead of 7-I.

On appeal, this court vacated Tolliver's sentence and remanded the case to reinstate the original sentence. This court stated Tolliver's original sentence was not illegal because, although the agreed-upon criminal history for Tolliver was incorrect, the sentence imposed was consistent with what is authorized for a 7-I offender. This court also ruled that Tolliver had no duty to provide the State with a correct statement of his criminal history or identity. 22 Kan. App. 2d at 379-81. The court stated:

"Although K.S.A. 21-4715(a) allows a defendant to admit his or her criminal history, there is no provision in the KSGA which requires a defendant to come forward and provide the State with an accurate criminal history. There also is no provision in the KSGA which prohibits a defendant from misrepresenting his or her identity during a presentence investigation or which explains what happens when a defendant does so. See also K.S.A. 21-4604 (provision which sets forth procedure for completing PSI report does not require defendant to provide correct identity or criminal history)." 22 Kan. App. 2d at 381.

*Tolliver* embodies the principle that if the State fails to find a conviction or convictions in a defendant's criminal history, the State is prohibited from later amending, and ultimately increasing, the severity level of a defendant's criminal history for the crime or crimes at issue. However, this principle would in no way prohibit the State from relying on the newly discovered convictions should the defendant be convicted of another crime in the future.

Two recent decisions from the Washington Court of Appeals provide some guidance in addressing this issue. In *State v. Mitchell*, 81 Wash. App. 387, 914 N.W.2d 771 (1996), the defendant challenged the State's use of a prior Washington judgment and sentence to prove he had three prior California convictions. As additional evidence, the State submitted a PSI report listing the three contested out-of-state convictions and an understanding/acknowledgment of the defendant's criminal history in the earlier case, signed by both the defendant and his attorney. The district court

found the State had met its burden of establishing the out-of-state convictions. 81 Wash. App. 388-90.

On appeal, the *Mitchell* court indicated that none of the documents presented to the sentencing court were included in the clerk's papers and, as a result, it could not determine their sufficiency. In any event, the court held the PSI report did not constitute additional evidence if it was derived from the prior judgment and that neither the judgment nor the attached acknowledgment would satisfy the State's burden of proof. 81 Wash. App. at 391 n.3. Washington courts hold the best evidence of a prior conviction is a certified copy of the judgment of conviction, *State v. Descoteaux*, 94 Wash. 2d 31, 36, 614 P.2d 179 (1980), but the State may use any documents of record or transcripts of prior proceedings to establish criminal history, *State v. Herzog*, 48 Wash. App. 831, 834, 740 P.2d 380 (1987).

For our purposes, the *Mitchell* court's instructions are of importance. In reversing the sentence, the *Mitchell* court held the three California convictions must be removed from the calculation of Mitchell's criminal history unless, "on remand, the State within 30 days produces sufficient additional evidence to establish their existence." 81 Wash. App. at 391.

In *State v. Cabrera*, 73 Wash. App. 165, 868 P.2d 179 (1994), the defendant objected to the State's use of certified copies of Washington judgments and sentences for three Washington convictions to prove that the defendant had two prior out-of-state (Florida) felony convictions. The Florida convictions were listed in the criminal history section of the Washington judgments and sentences. The district court ruled the State had met its burden of proof by a preponderance of the evidence and allowed the Florida convictions in the defendant's criminal history.

The *Cabrera* court disagreed and held the Washington judgments and sentences did not establish by a preponderance of the evidence that the Florida convictions were felonies in Washington. In reversing, the *Cabrera* court stated: "[W]e must reverse the sentence and remand to allow the State to prove the convictions within a reasonable time after the mandate issues." 73 Wash. App. at 170.

Although the remand instruction by this court in Strickland's first appeal was not as specific as those in *Mitchell* or *Cabrera*, the connotation of an appellate court remanding for resentencing is such that the entire sentencing process is to occur again, unless directed otherwise. This is precisely the reason why Strickland at the resentencing hearing asked the court to take judicial notice of the testimony presented at the original sentencing. Furthermore, the State correctly points out that Strickland introduced additional evidence not available at the original sentencing hearing; but yet he wished the court to prohibit the State's introduction of the authenticating certificates for his Oklahoma felony conviction.

We also find merit with the State's argument that had the trial court found the certification to have been inadequate at the first sentencing, a continuance could have been granted to remedy the situation.

Allowing the State to come back later and amend the criminal history as occurred in *Tolliver* seems to raise questions of collateral estoppel. Permitting the State to come back in Strickland's case only raises questions similar to technical error in requiring the State to do correctly what it did inadequately the first time. This result is in accordance with *Mitchell* and *Cabrera*. Therefore, at the resentencing hearing, the trial court correctly admitted the proper authentication documents of Strickland's Oklahoma felony conviction.

Affirmed.