(34 P.3d 467)

No. 85,932

VICKIE LUMLEY, *Appellant,* v. STATE OF KANSAS, *Appellee.*

Opinion filed November 2, 2001.

*Debra J. Wilson,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellant.

*Wayne R. Tate,* special prosecutor, and *Carla J. Stovall,* attorney general, for appellee.

Before JOHNSON, P.J., MARQUARDT, J., and BARRY A. BENNINGTON, District Judge, assigned.

BENNINGTON, J.: Vickie Lumley was convicted of the intentional second-degree murder of her husband. That conviction was affirmed in *State v. Lumley*, 266 Kan. 939, 976 P.2d 486 (1999). In her K.S.A. 60-1507 motion she alleges denial of counsel and denial of effective assistance of counsel arising from trial counsel's refusal to decide whether to request instructions on lesser included offenses. Lumley also asserts ineffective assistance of counsel stemming from trial counsel's failure to preserve for appeal the issue of the trial court's refusal to allow a witness to testify. In the alternative, she contends trial counsel was ineffective for failing to locate a qualified expert witness.

The trial court denied Lumley relief, and this appeal followed. We affirm.

During the trial, the State proposed an instruction for the lesser included offense of unintentional second-degree murder. Defense counsel on behalf of his client requested that the court give no lesser included instructions. The court asked if he had discussed the subject of lesser included offenses with Lumley. He responded:

"We have, your honor. Ms. Lumley and I discussed this at some length last night, including down to Involuntary Manslaughter, including all of the penalties and what she would be looking at on each one of them, as well as the elements. And she has requested today that I specifically request the court that there be no lesser-includeds given, and that she stand charged only with the original charge of Second Degree Intentional."

The court asked Lumley if it was her request that no lesser included instructions be given. She responded in the affirmative. The court stated the evidence was clear there was a sudden quarrel and, over defendant's objection, instructed the jury on the crime of voluntary manslaughter in addition to the charged crime of intentional second-degree murder.

At the evidentiary hearing on the K.S.A. 60-1507 motion, Lumley's trial counsel testified he discussed with Lumley the possibility of requesting lesser included offense instructions. Trial counsel testified he went over all the possible lesser included offenses that could be given and the penalties for each. He talked with Lumley about the pros and cons of an all or nothing approach, meaning not requesting lesser included offense instructions. Trial counsel did not make a recommendation to Lumley. He pointed out all the options and told Lumley she had to make the decision. Further, trial counsel testified he felt fairly positive about the case and felt he had presented the jury with a "pretty good amount of reasonable doubt."

Lumley testified her trial counsel fully explained all the issues of lesser included offenses, including discussing the elements and punishments of each lesser included offense. Counsel left the decision to Lumley as to whether lesser included offense instructions should be requested.

Trial counsel's refusal to decide for Lumley whether to request instructions on lesser included offenses is the basis for Lumley's denial of counsel claim and one basis for her denial of effective

assistance of counsel claim. Lumley characterizes her first issue as a denial of counsel claim. This characterization is incorrect. Her second issue, on the same facts, is characterized correctly as an ineffective assistance of counsel claim. Thus, Lumley's first two issues will be treated as one ineffective assistance of counsel claim.

The standard of review for an appeal of a K.S.A. 60-1507 motion is for the appellate court to determine whether the factual findings of the court are supported by substantial competent evidence and whether those findings are sufficient to support its conclusions of law. *Graham v. State*, 263 Kan. 742, 753, 952 P.2d 1266 (1998). Substantial evidence is evidence that possesses both relevance and substance and which furnishes a substantial basis of fact from which the issues can reasonably be resolved. *Sampson v. Sampson*, 267 Kan. 175, 181, 975 P.2d 1211 (1999). The appellate court must accept as true the evidence and all inferences drawn from the evidence which tend to support the findings of the trial judge. *Graham*, 263 Kan. at 753-54.

For present purposes, the two landmark cases on the issue of ineffective assistance of counsel are *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, *reh. denied* 467 U.S. 1267 (1984), and *Chamberlain v. State*, 236 Kan. 650, 694 P.2d 468 (1985). *Strickland* announced the now familiar test of evaluating a claim of ineffective assistance of counsel. A defendant must show: (1) counsel's performance "fell below an objective standard of reasonableness," and (2) the deficient performance prejudiced the defendant. 466 U.S. at 687-88.

Regarding the performance prong, our Supreme Court wrote in *Chamberlain*:

"The proper standard for judging attorney performance is that of reasonably effective assistance, considering all the circumstances. When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. Judicial scrutiny of counsel's performance must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. A court must indulge a strong presumption that counsel's conduct

falls within the wide range of reasonable professional assistance." 236 Kan. at 656-57.

*Chamberlain* also set forth the generally applicable standard for evaluating the prejudice prong as follows:

"With regard to the required showing of prejudice, the proper standard requires the defendant to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." 236 Kan. at 657.

We need not address the second prong if the defendant fails to prove the first. *State v. Pink*, 236 Kan. 715, 732, 696 P.2d 358 (1985), *overruled in part on other grounds State v. Van Cleave*, 239 Kan. 117, 716 P.2d 580 (1986).

As with all applications of the *Strickland* test, whether a defendant has made the requisite showing depends on the facts of the particular case. See *Strickland*, 466 U.S. at 695-96. When, as here, the 60-1507 court has made findings of fact and conclusions of law, this court on appeal reviews whether the decision reached by the trial court follows as a matter of law from the facts stated as its basis and whether the facts so stated have any substantial support in the evidence. *State v. Orr*, 262 Kan. 312, 322, 940 P.2d 42 (1997). We do not reweigh the testimony or the credibility of witnesses. At the same time, our review of the performance and prejudice components remains de novo, as mixed questions of law and fact. 262 Kan. at 322. We now turn to Lumley's claims.

There are no Kansas cases that directly address this particular issue. In her brief, Lumley cites a plethora of cases, largely from other jurisdictions, generally standing for the proposition that it is a matter of trial strategy and within the province of counsel to determine whether to request lesser included offense instructions. The cases do not, however, stand for the proposition that counsel is ineffective for leaving the decision of whether to request lesser included offense instructions to the defendant.

The facts disclose Lumley was fully informed by trial counsel as to all of the possible lesser included charges that could be instructed to the jury. Lumley was told what penalty attached to each

lesser included charge. Trial counsel discussed the amount of evidence produced by the State and the possibility of reasonable doubt existing in the minds of the jurors. Her decision was not rushed. The discussion occurred the day before she was required to make it.

Furthermore, the court inquired of Lumley if she was requesting no lesser included offense instructions. She replied affirmatively and did not complain to the court about being required to make the decision. The omission of lesser included charges was not raised in the direct appeal. See *Lumley*, 266 Kan. at 941.

Finally, no evidence was produced at the hearing on the K.S.A. 60-1507 motion that suggested, nor is it contended here, that trial counsel provided erroneous information or incomplete information to Lumley.

Given trial counsel's understanding of the law compared with that of Lumley's, the better option would have been for trial counsel to at least have recommended whether to request lesser included offense instructions. However, under the facts of this case, counsel's failure to recommend whether to request lesser included offense instructions does not constitute ineffective assistance of counsel. We hold counsel's failure to recommend whether to request lesser included offense instructions did not render his performance so deficient that he was not functioning at the level guaranteed to defendant by the Sixth Amendment.

As defendant has failed to meet the requirements of the first prong of the test for ineffective assistance of counsel, it is unnecessary to address the merits of the second prong.

The district court did not err in finding counsel was not ineffective. Its findings are supported by substantial competent evidence.

The third and fourth issues raised by defendant in this appeal are whether trial counsel was ineffective for failing to make or preserve a record of the trial court's determination that Gretchen Loucks would not qualify as an expert and, alternatively, for failing to present a qualified expert.

At the evidentiary hearing, trial counsel testified that during trial, in discussions with the court, he was advised the court was familiar with Gretchen Loucks and she would not qualify as an expert on

battered woman syndrome under any conditions. Defense counsel, the judge, and the prosecutor were present during this discussion. No hearing was requested on the issue of Loucks' qualifications. Counsel admitted he should have done something to preserve the record. Due to the pronouncement by the court that Loucks would not qualify as an expert, defense counsel did not call Loucks to the stand during trial. For lack of a record, the issue was not preserved for appellate review.

Defense counsel did not properly handle the situation. He should have made a record of the court's ruling or a proffer of the evidence. A party may not assert error based on the exclusion of evidence in the absence of a proffer of that proposed evidence. *State v. Coleman*, 253 Kan. 335, 344, 856 P.2d 121 (1993). However, counsel can only be declared ineffective if Loucks' testimony was improperly excluded and that testimony would have had a reasonable probability of affecting the outcome of the trial. See *State v. Hedges*, 269 Kan. 895, 913, 8 P.3d 1259 (2000). This issue can now be properly addressed by this court, as both Loucks and defense counsel testified at the evidentiary hearing. Their testimony amounts to a proffer of what Loucks' testimony would have been at trial.

Loucks never interviewed Lumley prior to trial. At the evidentiary hearing, Loucks admitted she did not have the qualifications to do an evaluation on Lumley regarding Lumley's characteristics as a battered spouse. Loucks also testified she told defense counsel she was not qualified to diagnose battered woman syndrome.

At the evidentiary hearing, Lumley's trial counsel testified he was going to use Loucks to give the jury a background and understanding into how a battered spouse would react, particularly why the spouse would keep returning home. He stated Loucks' testimony was "just an educational thing for the jury to show them what the Battered Spouse Syndrome was and how it could affect the victim in this case."

The same judge presided over the trial and the evidentiary hearing. The district court's journal entry of the evidentiary hearing stated that if Lumley had called Loucks as a witness, she could not have testified that Lumley had symptoms of battered woman syn-

drome until after the proper evidence had been admitted diagnosing Lumley as having battered woman syndrome. The court also ruled the evidence had little if any relevance, stating: "In essence, what [Lumley] is attempting to do is to use symptoms of a Battered Woman Syndrome for the defense of a case where the syndrome had very little do with it."

The admission or exclusion of evidence is reviewed for abuse of discretion. If reasonable persons could differ as to the propriety of the action taken by the trial court, then it cannot be said the trial court abused its discretion. One who asserts the court abused its discretion bears the burden of showing such abuse of discretion. *Lumley*, 266 Kan. at 950. The admission of expert testimony is also within the discretion of the trial court. Its decision will not be overturned absent an abuse of discretion which results in prejudice to the party whose testimony was excluded. *Olathe Mfg., Inc. v. Browning Mfg.*, 259 Kan. 735, 762, 915 P.2d 86 (1996).

Loucks was not going to testify as to anything specific about Lumley but rather just general characteristics of the battered woman syndrome. Loucks had never interviewed Lumley and admittedly did not have the qualifications to diagnose battered woman syndrome. Without Lumley being diagnosed with battered woman syndrome, evidence of the characteristics of the syndrome was not relevant. The court did not abuse its discretion at trial in refusing to allow Loucks to testify and was correct in its journal entry for the evidentiary hearing when it reiterated its trial ruling that Loucks could not have testified.

Since the testimony of Loucks was properly excluded, Lumley was not prejudiced by her trial counsel's failure to preserve the record or proffer the evidence. Even if Loucks had testified, there is no reason to believe the result of the trial would have been any different. The district court did not err in finding Lumley's trial counsel was not ineffective.

In the alternative, Lumley claims her counsel was ineffective for failing to find another expert to testify. The district court did not specifically address this issue in its decision. Nevertheless, Lumley's contention is without merit.

At the evidentiary hearing, Lumley's trial counsel testified he spoke with two mental health professionals regarding Lumley's situation. Both experts indicated to counsel he was not dealing with battered woman syndrome but rather with self-defense. Both experts recommended to counsel that self-defense should be the approach taken. Further, there was no evidence presented anywhere in the record that Lumley was diagnosed with battered woman syndrome. At the evidentiary hearing, Lumley did not put on evidence that there was an expert available who would have diagnosed her with battered woman syndrome. Absent this evidence, Lumley cannot show prejudice. Counsel was not ineffective.

Affirmed.