(87 P.3d 983)

Nos. 90,218
90,219

LARAY JENKINS, *Appellant,* v. STATE OF KANSAS, *Appellee.*

Opinion filed April 16, 2004.

*Stephen B. Chapman,* of Chapman & White, LLC, of Olathe, for appellant.

*Steven J. Obermeier,* assistant district attorney, *Paul J. Morrison,* district attorney, and *Phill Kline,* attorney general, for appellee.

Before MALONE, P.J., MARQUARDT and HILL, JJ.

HILL, J.: This is a consolidated appeal by Laray Jenkins of his K.S.A. 60-1507 motion, alleging ineffective assistance of trial and appellate counsel, as well as his motion to correct an illegal sentence. We affirm because there is substantial competent evidence supporting the district court's conclusion that Jenkins failed to prove his trial and appellate counsel were ineffective; further, Jenkins is not serving an illegal sentence.

Jenkins, in his K.S.A. 60-1507 motion, asks us to overturn his convictions for aggravated burglary, theft, and criminal damage to property for several reasons: 1) Jenkins contends his trial counsel was ineffective for failing to request a burglary jury instruction as a lesser included offense of aggravated burglary; 2) Jenkins thinks that both his trial and appellate counsel were ineffective for failing to challenge the police officers' execution of the search warrant; and 3) trial counsel was ineffective for failing to request an alibi

instruction. Jenkins had raised additional issues before the district court but has since abandoned them because they were not briefed. "An issue which is not briefed is deemed abandoned. [Citation omitted.]" *State v. Brown*, 272 Kan. 843, 844, 35 P.3d 910 (2001).

In his motion to correct an illegal sentence, Jenkins argues that the sentencing court lacked jurisdiction to determine that his criminal history score was A because the State had previously failed to object to a 1993 Department of Corrections (DOC) sentencing guidelines report. The DOC report stated that Jenkins' criminal history score was C. In the report, his criminal history consisted of three nonperson felony convictions and one person felony conviction. The DOC report failed to list Jenkins' nonperson felony convictions for residential burglary and felony stealing in Jackson County, Missouri, in 1993. This court previously affirmed Jenkins' convictions and sentence in *State v. Jenkins*, No. 82,849, unpublished opinion filed August 18, 2000.

The district court consolidated both motions for hearing. The court heard testimony from Jenkins and Robert Kuchar, his trial counsel. Subsequently, the district court adopted the State's proposed findings of fact and conclusions of law and denied both motions.

## K.S.A. 60-1507 MOTION PROPERLY DENIED

In deciding this matter, several rules of law must be considered. First, since the district court took evidence on this motion, our standard of appellate review is to determine if its factual findings are supported by substantial competent evidence and whether those findings are sufficient to support the court's conclusions of law. See *Lumley v. State*, 29 Kan. App. 2d 911, 913, 34 P.3d 467 (2001), *rev. denied* 273 Kan. 1036 (2002). Second, in order to warrant a reversal of his convictions, Jenkins must prove his trial counsel's performance was deficient, which means counsel made errors so serious that counsel's performance was less than that guaranteed by the Sixth Amendment to the United States Constitution, and the deficient performance prejudiced the defense, which requires showing counsel's errors were so serious they deprived defendant of a fair trial. *State v. Hedges*, 269 Kan. 895, 913, 8 P.3d 1259

(2000). Third, Jenkins must show his appellate counsel's performance, based upon the totality of the circumstances, was deficient in that it fell below an objective standard of reasonableness and that he was prejudiced to the extent a reasonable probability exists that, but for counsel's deficient performance, the appeal would have been successful. See *Baker v. State*, 243 Kan. 1, 7, 755 P.2d 493 (1988). Finally, the failure of appellate counsel to raise an issue on appeal is not, per se, ineffective assistance of counsel. *Maggard v. State*, 27 Kan. App. 2d 1060, 1066, 11 P.3d 89, *rev. denied* 270 Kan. 899 (2000).

As an appellate court, we must be sensitive to time and circumstances when deciding these matters. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Chamberlain v. State*, 236 Kan. 650, 657, 694 P.2d 468 (1985).

*Failure to request burglary instruction as a lesser included offense*

Jenkins was convicted of aggravated burglary (contrary to K.S.A. 21-3716, a severity level 5 person felony) and contends that the jury could have found him guilty of simple burglary (contrary to K.S.A. 21-3715, a severity level 7 person felony) had the jury been properly instructed. He claims that the victim in his case never saw another person in the house, and Jenkins maintains there was no proof that the victim was in the house at the same time as the burglar. Therefore, if the jury had been instructed that burglary is a lesser included crime with aggravated burglary it would have convicted him of the lesser crime.

The trouble with Jenkins' argument is that it is not consistent with the evidence that was presented at trial. The evidence indicated that the victim returned home and discovered a burglary in progress. He observed a vehicle, fully loaded with property, backed into the attached garage and heard a male voice coming from either the basement or the garage; that constituted aggravated burglary. " 'When a person enters the premises after the burglary has commenced but before the defendant has left the premises, the offense

constitutes aggravated burglary.' [Citation omitted.]" *State v. Fondren,* 11 Kan. App. 2d 309, 311, 721 P.2d 284, *rev. denied* 240 Kan. 805 (1986). The evidence at trial did not support the lesser included instruction.

Furthermore, the instruction would have conflicted with Jenkins' theory of defense at trial, which was that he had not been in Johnson County on the date of the burglary. Kuchar, Jenkins' trial attorney, testified that he explained to Jenkins that there was a lesser included offense of residential burglary, which carried a sentence of 34 months as opposed to the 130-month sentence he faced for the aggravated burglary charges. Kuchar stated that he discussed the possibility of a plea negotiation to the lesser offense. He said that Jenkins

"just reacted sort of aggressively and sort of animated and indicated that he wasn't going to take any level seven, that my orders were clear. I was to show the jury to the best of my ability that he was somewhere else rather than in Johnson County on March 17th, 1998. That's how all of our conversations went, every one of them."

Kuchar maintained that Jenkins did not want a burglary instruction given. A party may not invite error and then complain of that error on appeal. *State v. Boorigie,* 273 Kan. 18, 27, 41 P.3d 764 (2002). Jenkins cannot have it both ways; at first, he refused to consider residential burglary at trial, and now he argues that counsel's failure to request such an instruction was deficient and ineffective assistance of counsel.

Generally, a criminal defendant has a right to an instruction on all lesser included offenses supported by the evidence as long as (1) the evidence, when viewed in the light most favorable to the defendant's theory, would justify a jury verdict in accord with that theory and (2) the evidence at trial does not exclude a theory of guilt on the lesser offense. *State v. Williams,* 268 Kan. 1, 15, 988 P.2d 722 (1999). However, an instruction on a lesser included offense is not proper if from the evidence the jury could not reasonably convict of the lesser included offense. *State v. Robinson,* 261 Kan. 865, 883, 934 P.2d 38 (1997). "Where there is no substantial evidence applicable to the lesser degrees of the offense charged, and all of the evidence taken together shows that the offense, if

committed, was clearly of the higher degree, instructions relating to the lesser degrees of the offense are not necessary. [Citation omitted.]" *State v. Gibbons*, 256 Kan. 951, 955, 889 P.2d 772 (1995).

Because the evidence presented at Jenkins' trial clearly supported a finding of guilt on aggravated burglary, there is no reasonable likelihood that the jury would have convicted him of burglary. There is substantial competent evidence to support the finding that trial counsel was not ineffective in failing to request a lesser included instruction.

*Failure to challenge the execution of the search warrant*

Jenkins argues that both his appellate and trial counsel were ineffective because they failed to challenge the execution of the search warrant. We note initially that both counsel unsuccessfully challenged the search warrant upon probable cause grounds. Jenkins, though, suggests that they should have challenged the manner of its execution as well. He contends that because he was an overnight guest at the duplex where the warrant was executed, the search of his personal effects was not covered by the warrant. Jenkins also thinks the search was illegal because the items seized were not in plain view. An elaboration of the facts is helpful in understanding this point.

Police, during a forgery investigation, learned that the residents of 1111 West 144th Street in Kansas City, Missouri, were involved in the forgeries. The affidavit for the search warrant provided that police had probable cause to believe that personal checks, receipts, and other items associated with forgery would be found at the residence. During the search, police found checkbooks belonging to the burglary victims inside an envelope that also contained official documents with Jenkins' name on them. Jenkins was at the duplex when the search warrant was executed, and he was then arrested.

Jenkins' argument has no merit. " 'A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the

search.' [Citation omitted.]" *State v. Yardley*, 267 Kan. 37, 41, 978 P.2d 886 (1999). The search warrant in this case listed checks, receipts, and other items associated with forgery. Therefore, law enforcement officers were allowed to search any place in the residence where these items could be located, which included the envelopes where the victims' checks were ultimately found. Both counsel could not be found ineffective for failing to pursue this claim.

*Failing to request alibi instruction and call alibi witness*

In this claim of ineffectiveness, Jenkins argues that his counsel should have called an alibi witness to testify and requested an alibi instruction as well. Jenkins wanted to call Nancy Illiney to testify and establish his alibi. However, Kuchar testified that the proposed witness twice advised him that she had no specific recollection of the date in question and would be unable to tell him whether Jenkins was home or in Gladstone on the date the crimes were committed. Kuchar also stated that Illiney did not seem very fond of Jenkins, which could have become apparent during her testimony. Kuchar did not feel that Illiney would be a good witness. He made a tactical and strategic decision not to call her.

Whether to call a certain witness is a matter of trial strategy subject to the discretion of trial counsel. *State v. Ames*, 222 Kan. 88, 100, 563 P.2d 1034 (1977); *Mullins v. State*, 30 Kan. App. 2d 711, 716, 46 P.3d 1222, *rev. denied* 274 Kan. 1113 (2002). Based on this testimony, it is clear that trial counsel investigated the possibility of calling Illiney and simply made an informed decision that she would not be beneficial to the defense. Counsel's failure to call her as a witness cannot be considered ineffective.

The record indicates that the jury was instructed on the elements of all the crimes charged, as well as the State's burden to prove Jenkins guilty beyond a reasonable doubt. Additionally, the jury was instructed that the law placed a burden of proof on the State to identify the defendant and the instruction then listed the various factors the jurors should consider when weighing the reliability of the State's eyewitness identification testimony. The instruction specifically informed the jury that Jenkins did not have to prove that

he had been wrongly identified. " '[A] separate instruction on the defense of alibi is not required where adequate and proper instructions are given on the elements of the crime charged and on the prosecution's burden to prove guilt beyond a reasonable doubt.' [Citations omitted.]" *State v. Holloman*, 17 Kan. App. 2d 279, 290, 837 P.2d 826, *rev. denied* 251 Kan. 940 (1992).

Counsel was not ineffective for not requesting an alibi instruction. We conclude, therefore, that there is substantial competent evidence to support the district court's findings that neither Jenkins' trial nor appellate counsel was ineffective with respect to any of the issues raised.

## *SENTENCE IMPOSED IS LEGAL*

The question of whether a criminal sentence is illegal is a question of law over which an appellate court has unlimited review. *State v. Jones*, 272 Kan. 674, 677, 35 P.3d 887 (2001). An illegal sentence may be corrected at any time according to K.S.A. 22-3504(1).

Jenkins' argument is based upon a DOC report generated in 1993. The report was prepared to determine whether Jenkins was eligible for retroactive application of the sentencing guidelines law with respect to Johnson County convictions in 1987 for robbery and felony theft. The report scored Jenkins' criminal history score as C. The DOC determined that Jenkins was not eligible for retroactive application of the recently enacted sentencing guidelines.

It was a different story after his 1998 convictions. A presentence investigation report included two additional nonperson felonies that Jenkins had been convicted of in Missouri in June 1993 and listed Jenkins' criminal history score as A. Prior to sentencing, defense counsel filed a motion challenging Jenkins' criminal history and objecting to the presentence report. Following a hearing, the district court overruled the motion, and Jenkins was sentenced with a criminal history score of A.

In his motion to correct the sentence, Jenkins contends that the State failed to object to the 1993 report; therefore, the State and the sentencing court should be bound by this report and should

not be allowed to later increase his criminal history score. Jenkins relies on K.S.A. 21-4724(c)(4), which provides:

"The criminal history classification as determined by the department of corrections shall be deemed to be correct unless objection thereto is filed by either the person or the prosecution officer within the 30-day period provided to request a hearing. If an objection is filed, the sentencing court shall determine the person's criminal history classification. The burden of proof shall be on the prosecution officer regarding disputed criminal history issues."

In Jenkins' view, then, since the State did not object to his criminal history within 30 days of the preparation of the DOC report, the State cannot now change his criminal history score.

In denying Jenkins' motion, the district court cited language from *State v. Strickland*, 23 Kan. App. 2d 615, 621, 933 P.2d 782, *rev. denied* 262 Kan. 968 (1997) (*Strickland II*), which stated:

"[I]f the State fails to find a conviction or convictions in a defendant's criminal history, the State is prohibited from later amending, and ultimately increasing, the severity level of a defendant's criminal history for the crime or crimes at issue. However, this principle would in no way prohibit the State from relying on the newly discovered convictions should the defendant be convicted of another crime in the future."

Jenkins argues that the above language from *Strickland* is mere dicta that should be ignored because it is not controlling. In his direct appeal, Strickland had argued that a prior conviction should be held inadmissable for criminal history purposes because documents relating to the prior felony conviction in Oklahoma were not properly authenticated. This court agreed and vacated Strickland's sentence and remanded the case for resentencing. *State v. Strickland*, 21 Kan. App. 2d 12, 14-15, 900 P.2d 854 (1995) (*Strickland I*). Upon resentencing, the State produced a properly authenticated copy of Strickland's Oklahoma felony conviction that was accepted by the district court, and Strickland was accordingly resentenced. Strickland again appealed, arguing that had the Oklahoma conviction been properly excluded in the first place, the appeal would probably not have taken place as he would have been in a presumptive probation grid box. We ultimately approved the sentencing court's admission of the properly authenticated docu-

ments at the resentencing on remand. *Strickland II*, 23 Kan. App. 2d 615, Syl. ¶ 2.

Jenkins' arguments are unpersuasive. First, the DOC report in 1993 was prepared to determine whether Jenkins' 1987 convictions were subject to retroactive provisions. Obviously, the 1993 convictions were not yet part of Jenkins' criminal history as it existed in 1987. Second, simply because the DOC report was dated after the 1993 convictions does not mean the report should have listed them or that the State should have objected to their omission.

The language in *Strickland II* may be dicta, but it is persuasive. We think that the State can rely upon newly discovered convictions to enhance a defendant's criminal history if the convictions are found prior to sentencing and the defendant is afforded an opportunity to contest the alleged criminal history at a hearing in accordance with K.S.A. 21-4715. This principle is consistent with the goal of the Kansas Sentencing Guidelines Act, K.S.A. 21-4701 *et seq.*, of imposing uniformly based sentences using the severity level of the offenses and the criminal histories of the individual defendants. See K.S.A. 21-4702; K.S.A. 21-4704.

Jenkins used his opportunity to contest the State's contention that his criminal history score was A. After conducting a hearing on the objections, the sentencing court properly overruled Jenkins' objection. This is not a case where the State has attempted to increase Jenkins' sentence after failing to discover a portion of his criminal history. The State properly relied on all of Jenkins' prior crimes in calculating his criminal history score for the 1998 crimes. The district court did not err in denying Jenkins' motion to correct an illegal sentence.

Affirmed.