(893 P.2d 255)
No. 72,612

STATE OF KANSAS, *Appellant,* v. RICHARD WEBB, JR., a/k/a RICHARD HAWTHORNE, *Appellee.*

—

Opinion filed April 7, 1995.

. *Keith E. Schroeder,* assistant county attorney, and *Robert T. Stephan,* attorney general, for appellant.

*Steven R. Zinn,* deputy appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellee.

Before Green, P.J., Brazil J. and D. Keith Anderson, District Judge, assigned.

Green, J.: Having been convicted twice of driving while under the influence of alcohol (DUI) within the past five years, Richard Webb, Jr., pled no contest and was convicted for the third time of DUI. Instead of sentencing Webb under the Kansas Sentencing Guidelines Act (KSGA), as the State requested, the trial court chose to sentence Webb to 120 days under K.S.A. 1993 Supp. 8-1567(f). The State appeals, contending the trial court should have sentenced Webb under the KSGA. We disagree and dismiss for lack of jurisdiction.

First, because the appeal was filed after the 10 day limitation of K.S.A. 1993 Supp. 22-3608(c), we asked the parties to brief whether we have jurisdiction to consider this appeal. Citing K.S.A. 22-3504(1), the State argues that because the sentence imposed was illegal, contrary to the provisions of the KSGA, we have jurisdiction to correct the illegal sentence. In defining an illegal sentence, our Supreme Court stated:

"An 'illegal sentence' is either a sentence imposed by a court without jurisdiction; *a sentence which does not conform to the statutory provisions, either in the character or the term of the punishment authorized;* or a sentence which is ambiguous with respect to the time and manner in which it is to be served." *State v. Thomas,* 239 Kan, 457, Syl. ¶ 4, 720 P.2d 1059 (1986) (Emphasis added.)

Under the KSGA, Webb's criminal history category was A, and, as a third time offender, he was guilty of a severity level 9, nonperson felony. For his offense, Webb could be sentenced from 15 to 17 months' imprisonment. K.S.A. 1993 Supp. 21-4704(a). But the trial court specifically rejected sentencing Webb under the KSGA. Consequently, if we determine the trial court erred in failing to sentence Webb under the KSGA, Webb's previous sentence would be illegal, and, accordingly, we would have jurisdiction to correct the illegal sentence.

According to the KSGA, the presumptive sentence for a severity level 9 offense is nonimprisonment, unless the person's criminal history is A or B, in which case the sentence could range from 15 to 17 months. On the other hand, a person's third con-

viction of DUI requires a mandatory term of imprisonment of between 90 days and one year, according to K.S.A. 1993 Supp. 8-1567(f). Determining under which statute to sentence Webb requires statutory interpretation, which is a question of law. *State v. Donlay*, 253 Kan. 132, Syl ¶ 1, 853 P.2d 680 (1993). As a question of law, our review of the trial court's decision is unlimited. *Gillespie v. Seymour*, 250 Kan. 123, 129, 823 P.2d 782 (1991).

Contrary to the State's assertion, a conflict exists between the KSGA and K.S.A. 1993 Supp. 8-1567(f). The State contends the apparent conflict can be reconciled and the statutes harmonized to give effect to both. The State maintains the legislature intended the sentencing provisions of K.S.A. 1993 Supp. 8-1567(f) to apply only when an individual's criminal history falls outside a presumptive term of imprisonment (criminal histories C through I). But this contention is neither supported by the statutory language nor legislative history. For example, the 1993 amendments added the following language to K.S.A. 8-1567(f): "On the third or a subsequent conviction of a violation of this section, a person shall be guilty of a severity level 9, nonperson felony and sentenced to not less than 90 days nor more than one year's imprisonment."

The amendment did not change the requirement that upon a person's third DUI conviction, the person must be sentenced to not less than 90 days' imprisonment. Moreover, it seems the purpose of the amendment was to classify third or later convictions of DUI as nonperson felonies in determining a person's criminal history. Before this amendment, a DUI conviction was a misdemeanor. See K.S.A. 8-1567(d).

Having determined the two statues are irreconcilable, we must decide which statutory scheme controls. In *State v. Williams*, 250 Kan. 730, 736, 829 P.2d 892 (1992), our Supreme Court held: "When there is a conflict between a statute dealing generally with a subject and another statute dealing specifically with a certain phase of it, the specific statute controls unless it appears that the legislature intended to make the general act controlling."

In examining both statutes, we believe K.S.A. 1993 Supp. 8-1567(f) is a more specific statute than K.S.A. 1993 Supp. 21-

4704(a). K.S.A. 1993 Supp. 8-1567(f) deals only with those persons convicted of the specific crime of felony DUI, while K.S.A. 1993 Supp. 21-4704(a) deals with all criminals convicted of non-drug felonies. Thus, for the specific crime of felony DUI, K.S.A. 1993 Supp. 8-1567(f) should apply absent some indication that the legislature intended to make K.S.A. 1993 Supp. 21-4704(a) controlling. The State has offered no evidence nor has our research furnished us with any evidence of such a legislative intent. Indeed, if the legislature intended to make the KSGA controlling, the legislature would not have retained the separate penalty provisions for third or a later conviction of DUI under K.S.A. 1993 Supp. 8-1567(f). Finally, although not controlling, the legislature has since amended K.S.A. 1993 Supp. 8-1567(f) to remove the language relating to the severity level of felony DUI. See L. 1994, ch. 291, § 2. Now felony DUI is simply a nonperson felony, punishable as indicated in K.S.A. 1994 Supp. 8-1567(f).

Because the trial court correctly sentenced Webb under the provisions of K.S.A. 1993 Supp. 8-1567(f), we lack jurisdiction to hear the State's appeal.

Appeal dismissed.