Charles E. Simmons, Secretary Department of Corrections Landon State Office Building 900 S.W. Jackson, Suite 400-N Topeka, Kansas 66612-1284
Dear Mr. Simmons:
As secretary for the Kansas department of corrections you request our opinion concerning several questions which pertain to a third or subsequent conviction for the crime of domestic battery within five years immediately proceeding commission of the crime. The 1996 legislature enacted senate bill no. 585, section 13 of which amended K.S.A. 21-3412
establishing the crime of domestic battery for which a third or subsequent conviction is classified as "a person felony." A person so convicted is required to be "sentenced to not less than 90 days nor more than one year's imprisonment." You first ask whether such sentence is to be served in the custody of the secretary of corrections, or locally as is the case with persons serving a sentence for a third or subsequent conviction for driving under the influence of alcohol or drugs (DUI).
Several years ago, in response to a similar question you posed in relation to a legislative amendment classifying a third or subsequent DUI conviction as a "severity level 9, nonperson felony," which carried a sentence of "not less than 90 days nor more than one year's imprisonment . . .", this office opined:
 "A third or subsequent conviction for diving under the influence of alcohol or drugs is a non-grid felony which is punishable by imprisonment in a state penal institution for a minimum of 90 days." Attorney General Opinion No. 94-43.
In apparent response to that opinion the 1994 legislature removed the phrase "severity level 9" from the penalty section of the DUI law, thus removing the conflict between the DUI statute and the authorized disposition statutes within the sentencing guidelines. In addition, to further clarify the issue the legislature amended K.S.A. 21-4704 (L. 1994, ch. 291, sec. 50) by adding the following section:
 "(i) The sentence for violation of the felony provision of K.S.A. 8-1567 [DUI] and amendments thereto shall be as provided by the specific mandatory sentencing requirement of that section and shall not be subject to the provisions of this section or K.S.A. 1993 Supp. 21-4707 and amendments thereto. Notwithstanding the provisions of any other section, the term of imprisonment imposed for the violation of the felony provision of K.S.A. 8-1567 and amendments thereto shall not be served in a state facility in the custody of the secretary of corrections." (Emphasis added).
Thus, by specific remedial enactments the legislature determined that the sentence for a third or subsequent DUI conviction should be served in a local imprisonment facility. In contrast, the legislature has not specified the place of imprisonment for a third or subsequent domestic battery conviction. Consequently we rely on the rationale expressed in Attorney General Opinion No. 94-43 which was issued prior to the 1994 DUI amendments. We are convinced that the conclusion reached therein was valid and dictates the conclusion herein that a third or subsequent domestic battery conviction is a "non grid" felony punishable by imprisonment in a state penal institution. See State v. Webb,20 Kan. App. 2d 873 (1995) and State v. Binkley, 20 Kan. App. 2d 999
(1995) (specific DUI sentencing statute controls over more general sentencing guidelines).
You next ask whether a court should set the sentence for a third and subsequent domestic battery conviction as a determinate sentence within the range of 90 days to one year, or as an indeterminate sentence comprised of that range. Neither Kansas statutes nor case law specifically address this question. However, Kansas moved from an indeterminate sentencing system to a determinate sentencing system with the 1992 enactment of sentencing guidelines. ("[T]rial courts no longer have the option to impose an indeterminate sentence after the passage of the Kansas Sentencing Guidelines Act for crimes designated on the sentencing grids." State v. Rhoads, 20 Kan. App. 2d 790, 800.) Thus, in the absence of legislative intent to the contrary, it is our opinion that a court should sentence a defendant for a third and subsequent domestic battery conviction in the manner which is consistent with the sentencing guidelines, i.e. to a determinate sentence within the range of 90 days to one year.
Finally you ask whether persons who are sentenced to the secretary of corrections for a third or subsequent domestic battery conviction are eligible to have the term reduced through the earning of good time credits.
"Good time" refers to "a method of behavior control or sanctions utilized by the department of corrections for persons sentenced to the secretary's custody." K.S.A. 21-4703(j). For crimes committed on or after July 1, 1993, a sentence of imprisonment represents the time a person is required to actually serve, subject to a reduction of up to 15% of the sentence for good time. K.S.A. 21-4706, as amended by 1996 HB 2838. The secretary of corrections was required to develop a system whereby good behavior by inmates would be the expected norm and negative behavior would be punished. K.S.A. 21-4722, as amended by 1996 HB 2310. This responsibility has been met by the secretary through the adoption of K.A.R. 44-6-124 and K.A.R. 44-6-146 which establish a number of factors to be considered in the determination of earning and withholding of good time credits. With the exception of certain specified crimes, an inmate may earn good time credits. K.S.A. 21-4717, as amended by 1996 HB 2838. Thus in the absence of a statutory exception, persons serving a sentence for a third or subsequent conviction of domestic battery are eligible to earn good time credits.
In conclusion, a third or subsequent domestic battery conviction is a "non grid" felony punishable by imprisonment in a state penal institution. A defendant should be sentenced for a third and subsequent domestic battery conviction to a determinate sentence within the range of 90 days to one year. Inmates serving a sentence for a third or subsequent conviction of domestic battery are eligible to earn good time credits.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Camille Nohe Assistant Attorney General
CJS:JLM:CN:jm