(930 P.2d 618)
No. 75,096

STATE OF KANSAS, *Appellee,* v. MICHAEL MCBRIDE, JR.,
*Appellant.*

Opinion filed
December 27, 1996.

*Edward G. Collister, Jr.,* special appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellant.

*Timothy J. Chambers,* county attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before KNUDSON, P.J., RULON, J., and ROBERT J. SCHMISSEUR, District Judge, assigned.

KNUDSON, J.: On March 8, 1995, defendant Michael McBride, Jr., pled guilty to the offense of felony possession of marijuana. At the time of his sentencing on April 14, 1995, McBride stipulated to his criminal history as it appeared in the presentence investigation (PSI) report. The PSI report included, *inter alia,* a residential burglary listed as a person felony. McBride's criminal history score was D and his crime severity level was 4 on the drug grid. The district court sentenced him to the low term in the sentencing grid box of 23 months.

After pronouncement of the sentence, McBride filed a motion to correct clerical and arithmetic errors; he claimed that the PSI report incorrectly stated that he had a juvenile conviction of residential burglary when it should have been nonresidential burglary. On June 21, 1995, the district court filed a memorandum order in which it found that McBride had stipulated to the criminal history worksheet at the time of his sentencing. The memorandum order further found that there was sufficient evidence indicating that McBride had committed residential burglary. McBride filed a notice of appeal from the memorandum order on July 3, 1995.

K.S.A. 22-3608(c) provides: "For crimes committed on or after July 1, 1993, the defendant shall have 10 days after the judgment of the district court to appeal." " 'The filing of a timely notice of appeal is jurisdictional. [Citation omitted.] . . . Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken within the time limitations and in the manner prescribed by applicable statutes. [Citation omitted.]' " *State v. Bost*, 21 Kan. App. 2d 560, 562, 903 P.2d 160 (1995). Because McBride's notice of appeal was filed more than 10 days after the pronouncement of his sentence, this court ordered the parties to address the timeliness of McBride's notice of appeal in order to determine our jurisdiction to hear this appeal.

First, McBride claims that his notice of appeal was timely because his attorney filed a timely motion to correct clerical and arithmetic errors. See K.S.A. 60-260(a). McBride argues that pursuant to K.S.A. 60-2103(a), he had 30 days from the entry of judgment in which to appeal the court's decision. McBride's reasoning is flawed. McBride's motion was not one to correct a clerical or arithmetic error, but rather, one in which he disagreed with the determination that his prior crime was a residential burglary. In essence, McBride was requesting the court to modify his sentence. "The legislature has revoked the ability to have one's sentence modified after sentencing." *Bost*, 21 Kan. App. 2d at 565. McBride cannot incorrectly characterize his motion in order to give the appearance of a timely appeal.

Second, McBride claims that his motion could be construed as a motion to reconsider and, therefore, his appeal time was tolled.

Again, a sentence can no longer be modified after its pronouncement. See *Bost*, 21 Kan. App. 2d at 565.

Third, McBride asserts that if his previous juvenile conviction for burglary should have been scored as a nonperson felony instead of a person felony, then he is serving an illegal sentence which can be corrected at any time. It is true that an illegal sentence may be corrected at any time; however, pursuant to K.S.A. 22-3504, the law is well settled that one who, by his or her own acts, invites error cannot then complain or take advantage of it on appeal. *State v. Thomas*, 220 Kan. 104, 106, 551 P.2d 873 (1976). McBride stipulated to his criminal history during sentencing; he cannot now complain that it was incorrect. Such argument has been waived.

Finally, McBride asserts that his trial counsel was ineffective for failing to file a timely notice of appeal. In *State v. Ortiz*, 230 Kan. 733, 735-36, 640 P.2d 1255 (1982), the court held that although the timely filing of a notice of appeal is jurisdictional, an exception is recognized where the defendant either was not informed of his or her right to appeal, was not furnished with an attorney to exercise that right, or was furnished with an attorney for that purpose who failed to perfect and complete an appeal. Even under *Ortiz*, there is no need to remand where the appeal fails on other separate and distinct jurisdictional grounds. See *Bost*, 21 Kan. App. 2d at 564. In the instant case, McBride stipulated to the PSI report and, therefore, any error with regard to the PSI report was invited error and cannot now be appealed.

This court does not have proper jurisdiction to hear this appeal.

Appeal dismissed.