(967 P.2d 361)

No. 80,099

BRADFORD P. THOMPSON, *Appellant,* v. STATE OF KANSAS, *Appellee.*

—

Opinion filed November 20, 1998.

*J. Brent Getty,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellant.

*Thomas V. Black,* county attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before RULON, P.J., PIERRON and MARQUARDT, JJ.

MARQUARDT, J.: Bradford P. Thompson requested conversion of his sentence under the Kansas Sentencing Guidelines Act (KSGA). At the hearing, Thompson and the State agreed that Thompson's classification would be 3-H on the drug grid and that he was entitled to sentence conversion. The district court converted the sentence to a term of 18 months in prison. Approximately a month after the sentence conversion, the State sought review of the sentence, arguing that the sentence should not have been converted because Thompson's crime involved methamphetamine, not marijuana. Over Thompson's objection, the court determined that the conversion resulted in an illegal sentence that could be corrected at any time and, as a result, Thompson was not eligible for sentence conversion.

Whether a criminal sentence is illegal is a question of law. *State v. Reed,* 23 Kan. App. 2d 661, 662, 934 P.2d 157, *rev. denied* 262 Kan. 968 (1997). This court has found that a KSGA sentence within the wrong sentencing grid block is not an illegal sentence when the parties stipulated to the erroneous criminal history. *State v. Tolliver,* 22 Kan. App. 2d 374, 916 P.2d 725 (1996). In *Tolliver,*

the State was prohibited from setting aside the sentence and producing evidence to establish a higher criminal history. In *State v. Strickland,* 23 Kan. App. 2d 615, 621, 933 P.2d 782, *rev denied* 262 Kan. 968 (1997), the court stated that *Tolliver* embodies the principle that when the State fails to find convictions in a defendant's criminal history, the State cannot later amend and increase the severity level of the defendant's criminal history for the crime at issue. In *State v. McBride,* 23 Kan. App. 2d 302, 304, 930 P.2d 618 (1996), this court relied on the invited error rule in holding that a defendant who had stipulated to the wrong criminal history could not later move to correct his sentence as an illegal sentence under K.S.A. 22-3504.

We hold that where the State has stipulated to a defendant's erroneous criminal history and the defendant's sentence is converted on the basis of that criminal history, the State cannot later move to correct the sentence conversion as an illegal sentence under K.S.A. 22-3504.

Reversed and remanded for reinstatement of defendant's converted sentence.