(133 P.3d 154)
Nos. 92,530
92,531

STATE OF KANSAS, *Appellee*, v. RONALD DONALDSON, *Appellant*.

—

Opinion filed April 28, 2006.

*Michelle Davis*, of Kansas Appellate Defender Office, for appellant.

*Thomas R. Stanton*, deputy district attorney, *Keith E. Schroeder*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before RULON, C.J., MARQUARDT and HILL, JJ.

RULON, C.J.: Defendant Ronald Donaldson appeals the district court's denial of his motion to correct an illegal sentence, contending an incorrect criminal history score was applied to his sentences. We reverse and remand for further proceedings.

The defendant contends the district court improperly dismissed his motion to correct an illegal sentence, arguing the district court applied an incorrect criminal history score to calculate his sentences. The defendant was assigned a criminal history score of B due to his prior conviction for robbery, an adult person felony, and 3 convictions for omitting to provide for minor children, which were classified as adult person misdemeanors. The three prior misdemeanor convictions were then scored as an adult person felony under K.S.A. 2005 Supp. 21-4711(a).

The State initially contends the district court lack jurisdiction to modify the defendant's sentence. Where a question of jurisdiction has been raised, this court must consider the claim, even if raised for the first time on appeal. See *Rivera v. Cimarron Dairy*, 267 Kan. 865, 868, 988 P.2d 235 (1999).

The State basis its jurisdiction argument on *State v. Miller*, 260 Kan. 892, Syl. ¶ 2, 926 P.2d 652 (1996), wherein our Supreme Court held:

"After a lawful sentence has been imposed under the Kansas Sentencing Guidelines Act (K.S.A. 21-4701 *et seq*.) for a crime committed on or after July 1, 1993, committing a defendant to the custody of the Secretary of Corrections, the sentencing court lacks jurisdiction: (1) to modify the sentence except to correct 'arithmetic or clerical errors' pursuant to K.S.A. 21-4721(i); (2) to consider or reconsider departure from the presumptive sentence; or (3) to modify the sentence by reinstating a previously revoked probation."

The key to this holding is the term "lawful sentence." K.S.A. 22-3504(1) provides that a court may correct an illegal sentence at any time. An illegal sentence is a sentence imposed by a court without jurisdiction, a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized, or a sentence which is ambiguous with respect to the time and manner in which it is to be served. *State v. Barnes*, 278

Kan. 121, 123-24, 92 P.3d 578 (2004) (citing *State v. Duke*, 263 Kan. 193, 194, 946 P.2d 1375 [1997]).

" 'The sentencing guidelines are based on two controlling factors: crime severity and criminal history of the defendant.' *State v. Fifer*, 20 Kan. App. 2d 12, 15, 881 P.2d 589, *rev. denied* 256 Kan. 996 (1994). Consequently, if either the crime severity level or the criminal history score are in error, a defendant could challenge his or her sentence as being an illegal sentence under K.S.A. 22-3504. [Citation omitted.]" *State v. Lakey*, 22 Kan. App. 2d 585, 586, 920 P.2d 470 (1996).

By definition, an illegal sentence encompasses a sentence to which the district court assigned an incorrect criminal history to a criminal defendant. Therefore, the district court possessed jurisdiction to consider the defendant's motion to correct an illegal sentence, and this court possesses jurisdiction to consider a timely appeal from the denial of that motion.

The State further contends that the defendant is barred from challenging his sentence because he stipulated to his criminal history score at sentencing. A criminal defendant who stipulates to a criminal history score cannot challenge the use of the criminal history score to calculate the sentence because its use has been invited by the defendant's stipulation. See *State v. McBride*, 23 Kan. App. 2d 302, 304, 930 P.2d 618 (1996).

In response, the defendant claims the right to waive a criminal history score objection is reserved to a defendant. He argues in this appeal that his counsel only acknowledged that the presentence investigation (PSI) report was correct and that the defendant's criminal history was properly scored in the context of a departure argument. He contends the district court never asked the defendant about his criminal history score. Therefore, the defendant claims he did not invite the error in his criminal history score by stipulation.

In *State v. Vandervort*, 276 Kan. 164, 72 P.3d 925 (2003), the Kansas Supreme Court considered a similar claim. Vandervort's PSI report erroneously listed two Virginia convictions as person felonies rather than nonperson felonies, resulting in a criminal history score of B rather than C. Defense counsel apparently had reviewed the PSI report prior to the sentencing hearing but had been given an amended PSI report with the changes highlighted just prior to

the hearing. Defense counsel stipulated to the amended PSI report.

Relying upon the absence of any oral stipulation by Vandervort and the lack of any reasonable opportunity for Vandervort to review the amended PSI report, the Kansas Supreme Court ruled that K.S.A. 21-4721(e) provided authority to consider the merits of Vandervort's claim, despite any apparent stipulation by defense counsel. 276 Kan. at 177.

*Vandervort* is distinguishable on its facts. K.S.A. 2005 Supp. 21-4715(c) places an affirmative duty upon a criminal defendant to file a written objection to any error in the proposed criminal history worksheet, specifying the exact nature of the alleged error. In the present case, the defendant received the PSI report well before the sentencing hearing and, presumably, reviewed the PSI report with his counsel. While the district court did not specifically accept an oral stipulation from the defendant at sentencing, the court did specifically list each crime charged, the applicable criminal history score to be applied, and applicable sentencing range before asking the defendant whether he was aware of any legal reason that sentence should not be imposed. Defense counsel answered for the defendant in the negative.

Generally, a criminal defendant is bound by the tactical decisions of counsel made after proper consultation with the client. See *State v. Arrocha*, 30 Kan. App. 2d 120, 127, 39 P.3d 101, *rev. denied* 273 Kan. 1037 (2002) (defendant bound by counsel's waiver of speedy trial when he failed to object); *State v. Thomas*, 21 Kan. App. 2d 504, 507, 900 P.2d 874 (1995) (defendant bound by counsel's stipulations to defendant's ineligibility for sentencing conversion). The defendant was present during sentencing; his silence is equivalent to an endorsement of his counsel's actions during the hearing.

Nevertheless, the invited error rationale is not applicable when the erroneous information at the heart of a stipulation is within the knowledge of the court, the prosecutor, and defense counsel, but not the defendant. As the defendant notes in this appeal, the stipulation at issue is not to the factual existence of his prior convictions but to the classification of those prior convictions.

Essentially, the error raised by the defendant in his motion to correct an illegal sentence and in this appeal involves the application of law. As such, no party can properly stipulate to an incorrect application of the law. See *Bright v. LSI Corp.*, 254 Kan. 853, 859, 869 P.2d 686 (1994). Therefore, the defendant's failure to object to his criminal history score, as required by K.S.A. 2005 Supp. 21-4715(c), merely prevents him from challenging the factual basis for the criminal history classification applied in this case.

The classification of prior out-of-state convictions for criminal history purposes is governed by statute. K.S.A. 2005 Supp. 21-4711(e) provides, in pertinent part:

"An out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction. If a crime is a felony in another state, it will be counted as a felony in Kansas. The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson comparable offenses shall be referred to. If the state of Kansas does not have a comparable offense, the out-of-state conviction shall be classified as a nonperson crime."

In the present case, the State relied upon at least two of the defendant's prior convictions for omitting to provide for minor children in classifying the three prior misdemeanor convictions as a felony. (The only other adult person misdemeanor listed in the criminal history was a 1995 conviction for assault and battery in Oklahoma.) In Oklahoma, omitting to provide for minor children, Okla. Stat. tit. 21, § 852 (2002), is classified as a misdemeanor or as a felony, depending upon the circumstances. Subsection A provides:

"Unless otherwise provided for by law, any parent, guardian, or person having custody or control of a child as defined in Section 7001-1.3 of Title 10 of the Oklahoma Statutes who willfully omits, without lawful excuse, to furnish necessary food, clothing, shelter, monetary child support, medical attendance, payment of court-ordered day care or payment of court-ordered medical insurance costs for such child which is imposed by law, upon conviction, is guilty of a misdemeanor; provided, any person obligated to make child support payments who willfully and without lawful excuse becomes delinquent in said child support payments after September 1, 1993, and such delinquent child support accrues without payment by the obligor for a period of one (1) year, or exceeds Five Thousand Dollars ($5,000.00) shall, upon conviction thereof, be guilty of a felony which is punishable in the same manner as any subsequent conviction pursuant to the provisions of this section. Any subsequent conviction pursuant to this section shall be a felony, punishable by imprisonment for

not more than four (4) years in the State Penitentiary or by the imposition of a fine of not more than Five Thousand Dollars ($5,000.00), or by both such fine and imprisonment. As used in this section, the duty to furnish medical attendance shall mean that the parent or person having custody or control of a child must furnish medical treatment in such manner and on such occasions as an ordinarily prudent person, solicitous for the welfare of a child, would provide; such parent or person having custody or control of a child is not criminally liable for failure to furnish medical attendance for every minor or trivial complaint with which the child may be afflicted."

As the defendant contends, the Kansas criminal nonsupport statute closely resembles the Oklahoma statute, which provides in part: "Nonsupport of a child is a parent's failure, neglect or refusal without lawful excuse to provide for the support and maintenance of the parent's child in necessitous circumstances." K.S.A. 21-3605(a)(1). Nonsupport of a child in Kansas is classified as a severity level 10, nonperson felony. K.S.A. 21-3605(a)(7).

However, depending upon the underlying circumstances of the Oklahoma convictions, the Kansas statute proscribing endangering a child might also be the most comparable offense. That statute provides, in pertinent part: "Endangering a child is intentionally and unreasonably causing or permitting a child under the age of 18 years to be placed in a situation in which the child's life, body or health may be injured or endangered." K.S.A. 21-3608(a). Endangering a child is a class A person misdemeanor in Kansas. K.S.A. 21-3608(c).

From this record, we are unable to determine if the prior Oklahoma convictions were properly classified as misdemeanors or felonies, although the Oklahoma journal entries will presumably clarify this point. Further, this court cannot determine whether, under Kansas law, the defendant's Oklahoma convictions would have been classified as criminal nonsupport of a child, a nonperson felony crime, or as endangering a child, a person misdemeanor crime. This court cannot even determine if the children the defendant was convicted of neglecting in Oklahoma were his own children, which is an element of nonsupport of a child.

As the State contends, generally, the appellant bears the burden of designating a sufficient record from which an appellate court may review the legal issues raised on appeal. Without such a record, this

court presumes the action of the district court was proper. See *State v. Holmes*, 278 Kan. 603, 612, 102 P.3d 406 (2004).

However, in this case, the district court appointed counsel and provided a hearing on the defendant's motion to correct an illegal sentence. The defendant's appointed counsel raised the defendant's objection to the classification of his three prior Oklahoma convictions for omitting to provide for minor children. While defense counsel did not provide any factual details concerning the defendant's prior convictions, counsel argued the relevant Kansas statute should be criminal nonsupport of a child under K.S.A. 21-3605.

K.S.A. 2005 Supp. 21-4711(e) provides: "The facts required to classify out-of-state adult convictions and juvenile adjudications must be established by the state by a preponderance of the evidence." Even though the objection to the criminal history classification was raised in a motion to correct an illegal sentence rather than at sentencing, the burden remains upon the State to justify a prior out-of-state conviction's classification in the criminal history.

The district court erred in relying upon the defendant's failure to object to his criminal history classification as a basis for dismissing the defendant's motion to correct an illegal sentence. Upon remand, the district court should hold a hearing to determine if the prior Oklahoma convictions were properly classified. The State bears the burden of proof during such hearing.

Reversed and remanded with directions.