Stegall, J.,
dissenting: I would affirm the lower court’s application of the invited error doctrine in this case. “The general rule regarding review of an illegal sentence is that '[a] defendant who invites error by stipulating to his or her criminal history cannot request a correction of sentence under K.S.A. 22-3504 after pronouncement of sentence.’” State v. Vandervort, 276 Kan. 164, 175-76, 72 P.3d 925 (2003) (quoting State v. McBride, 23 Kan. App. 2d 302, Syl. ¶ 3, 930 P.2d 618 [1996]). The Vandervort rule arose in part out of the statutory mandate that a defendant notify the court if he or she objects to the inclusion of any conviction on the defendant’s presentence investigation report (PSI). See K.S.A. 2010 Supp. 21-4715(c) (“Upon receipt of the criminal history worksheet prepared for the court, the offender shall immediately notify the district attorney and the court with written notice of any error in the proposed criminal history worksheet.”) (recodified at K.S.A. 2015 Supp. 21-6814[c]).
We have recently clarified and modified the Vandervort rule. See State v. Dickey, 301 Kan. 1018, 350 P.3d 1054 (2015). There, drawing on two earlier cases (State v. Neal, 292 Kan. 625, 258 P.3d 365 [2011], and State v. Weber, 297 Kan. 805, 304 P.3d 1262 [2013]), which had given rise to some confusion, we explained that while a defendant can make factual stipulations to the existence of convictions as listed on the PSI — and such stipulations will give rise to the application of invited error if the defendant subsequently makes a collateral attack on the sentence as illegal on the grounds that the PSI was wrong — a defendant cannot make stipulations as to the legal effect of such convictions vis-a-vis the proper criminal history score the defendant should have received. We stated this holding as follows:
*240 “It appears that the legal reasoning of Neal and Weber is more sensible than the line of cases holding that a defendant waives a subsequent challenge to the classification of prior convictions or to his or her criminal histoiy score if he or she stipulated or failed to object to the classification or score at sentencing. As Weber indicates, a defendants stipulation or failure to object at sentencing will prevent the defendant from later challenging the existence of convictions listed in his or her criminal history. But a stipulation or lack of an objection regarding how those convictions should be classified or counted as a matter of law for the purpose of determining the defendants criminal histoiy score will not prevent a subsequent challenge under K.S.A. 22-3504(1) of his or her prior convictions.” (Emphasis added.) Dickey, 301 Kan. at 1032.
Thus, applying the newly modified Vanderoort/Dickey rule, the proper question in Hankins’ case is whether he stipulated to the existence of the conviction he now challenges when it was listed on his PSI? Clearly, he did. That stipulation was factual, as the Court of Appeals properly held. Just as importantly, the district court found that Hankins’ factual stipulation was strategically and intentionally made.
“[Hankins] did stipulate to the factual existence of his prior conviction. He attempts to avoid that difficulty by arguing on appeal that he ‘does not challenge the existence of the Oklahoma case listed on his presentence investigation report but challenges the classification of the Oklahoma case as a conviction for the purpose of criminal history score.’ However, the PSI does not list cases. It lists only convictions. Hankins is challenging tire very inclusion of this item, not its classification.
[[Image here]]
“There is no need for any additional analysis of the [invited error] doctrine here. The facts in this case drive the decision on invited error. The district court found that Planldns chose to forgo a challenge to the Oklahoma item on his criminal history as part of his dispositional departure strategy.” State v. Hankins, 49 Kan. App. 2d 971, 975-77, 319 P.3d 571 (2014), rev. granted 301 Kan. 1049 (2015).
The record in this case bears out the Court of Appeals’ recitation of the facts, and the majority opinion does not question its accuracy. Instead, the majority chooses to expand the Dickey exception to the Vandervort rule to include challenges to the existence of convictions listed on a PSI in addition to challenges to the legal effect of those convictions on the resulting criminal histoiy score. In my view, this result swallows up the statutory scheme requiring a defendant to put the State and the court on notice if a defendant *241 objects to the “existence of convictions listed in his or her criminal history.” Dickey, 301 Kan. at 1032.
After today, a defendant will be in the position to take advantage of a stipulation to prior convictions during the sentencing phase and then, in a subsequent case, collaterally attack his or her sentence as illegal because tire conviction factually admitted to is alleged to not constitute a “true conviction” as a matter of law. This opens up an entire world of legal arguments about possible legal infirmities in prior convictions which can now be raised for the first time in a collateral attack long after tire defendant’s direct appeal rights have expired. This is directly contrary to the statutory scheme which is intended to flush such arguments into the open before sentencing in the district court. The aim of the statutory scheme is to get sentences right the first time. Our decision undermines that aim.
In sum, I would not extend the Dickey exception to encompass failures to object to the existence of a conviction as noted on a defendant’s PSI. The alternative theories for relief advanced in Judge Atcheson’s concurring opinion were not argued by Hankins before the Court of Appeals and were asserted for die first time in Han-kins’ petition for review. As such, I would not consider them. See State v. Ward, 292 Kan. 541, Syl. ¶ 10, 256 P.3d 801 (2011) (“In a case that is before the Kansas Supreme Court on a granted petition for review, an issue cannot be raised for the first time before the Supreme Court. Any issue that was not presented to tire Kansas Court of Appeals is deemed abandoned.”), cert. denied 132 S. Ct. 1594 (2012).
For these reasons, I dissent.
Luckert, J., joins in the foregoing dissent.