No. 119,184

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DUSTIN ELIE SCHULZE,
*Appellant*.

SYLLABUS BY THE COURT

1.

Whether a sentence is illegal within the meaning of K.S.A. 2018 Supp. 22-3504 is a question of law over which the appellate court has unlimited review.

2.

A sentence is illegal under K.S.A. 2018 Supp. 22-3504 when: (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provisions, either in character or punishment; or (3) it is ambiguous with respect to the time and manner in which it is to be served.

3.

The State has the burden to prove the defendant's criminal history.

4.

If the State fails to find a conviction or convictions in a defendant's criminal history, the State is prohibited from later amending, and ultimately increasing, the severity level of a defendant's criminal history for the crime or crimes at issue.

1

5.

The State cannot later challenge the factual basis for a defendant's criminal history score when it failed to object to it before the district court.

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed July 26, 2019. Sentence vacated and case remanded with directions.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Brock R. Abbey*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., GREEN and POWELL, JJ.

SCHROEDER, J.:  Dustin E. Schulze appeals the district court's decision to approve the State's motion to correct an illegal sentence, which the State filed after discovering his original presentence investigation (PSI) report failed to contain all of his prior convictions. The district court originally sentenced Schulze based on a criminal history score of C. The amended PSI report had five more convictions, two of which were person misdemeanors. The new PSI report changed Schulze's criminal history score from a C to a B. The district court found it needed to resentence Schulze based on his new criminal history score. Schulze now argues his sentence was not illegal and the district court had no authority under these facts to resentence him. We agree with Schulze, finding his original sentence controls since it was based on the criminal history the State proved at the time of his original sentencing. Reversed and remanded with directions.

FACTS

After pleading no contest to felony theft, Schulze appeared for sentencing. His PSI report showed he had a criminal history score of C, listing 18 prior convictions. Schulze

2

agreed with the PSI report and its finding he had a criminal history score of C, resulting in a sentence of presumptive probation. K.S.A. 2016 Supp. 21-6804(a). The State recommended Schulze be sentenced to prison, based on his criminal history score and the fact this crime occurred while he was on felony bond. The district court disagreed with the State's recommendation and sentenced Schulze to 12 months' imprisonment, suspended to serve 12 months on probation, to run consecutive to a 40-month prison sentence he was already serving in another case.

Shortly after the original sentencing, court services provided an amended PSI report to the district court, listing 23 prior convictions, including two person misdemeanors not included in the original report. The amended PSI combined the two newly discovered person misdemeanors with a person misdemeanor included in his original PSI report to aggregate the three person misdemeanors to a person felony. With the new aggregation, Schulze's criminal history score increased from a C to a B. K.S.A. 2017 Supp. 21-6811(a).

The district court informed the parties that court services had been given the wrong sentencing date and had not updated Schulze's PSI report in time for his original sentencing. The State then moved to correct an illegal sentence under K.S.A. 2017 Supp. 22-3504. It argued Schulze's sentence was illegal because it was based on a criminal history score that did not include all his prior convictions.

At the hearing, the district court granted the State's motion. The court held Schulze's sentence violated an applicable statutory provision requiring all of a defendant's prior convictions to be counted separately in his criminal history. The court also held,

> "[T]he case law in Kansas is clear that the Court can correct an illegal sentence at any time, and that routinely happens, even without objection at the time of sentencing on appeal when it is in another light. For example, if a criminal history classification was

3

improperly scored, no objection was made at sentencing, to the detriment of the defendant, the appellate courts simply send that back down for the district court to correct. This is the opposite of that situation in which the original criminal history omitted two misdemeanor offenses from a case which should have been included in the criminal history."

Based on the amended PSI report, Schulze's sentence changed to a presumptive prison sentence with a range of 13 to 15 months. K.S.A. 2016 Supp. 21-6804(a). Schulze moved for a dispositional departure. The district court granted the motion and resentenced Schulze to 14 months' imprisonment, but granted 12 months' probation to once again run consecutive to the other 40 month prison sentence he was serving in another case.

ANALYSIS

On appeal, Schulze contends his original sentence was legal and the district court erred in resentencing him. He points out the State failed to object to his criminal history at his original sentencing hearing. Because the State failed to challenge the existence or nonexistence of his prior convictions at the original sentencing, he argues the State does not get a second chance.

The State responds by arguing Schulze's original sentence was illegal because it was based on an inaccurate criminal history. The State further contends parties may not stipulate to an illegal sentence, and because courts may correct an illegal sentence at any time, the State asserts the district court did not err in resentencing Schulze.

*Standard of review*

Whether a sentence is illegal within the meaning of K.S.A. 2018 Supp. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Jamerson*,

309 Kan. 211, 214, 433 P.3d 698 (2019). "A sentence is illegal under K.S.A. 22-3504 when: (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provisions, either in character or punishment; or (3) it is ambiguous with respect to the time and manner in which it is to be served. [Citation omitted.]" *State v. Hayes*, 307 Kan. 537, 538, 411 P.3d 1225 (2018).

*The sentence when imposed was legal.*

The district court found Schulze's sentence was illegal because it did not conform to K.S.A. 2017 Supp. 21-6810(c) and (d)(6). K.S.A. 2017 Supp. 21-6810(c) states "Except as otherwise provided, all convictions . . . shall be counted separately in the offender's criminal history." K.S.A. 2017 Supp. 21-6810(d)(6) states "All person misdemeanors . . . shall be considered and scored" when determining a defendant's criminal history score. The district court held Schulze's original criminal history score did not conform to these provisions because it did not include all of his prior person misdemeanors.

Even so, Schulze argues his original sentence was not illegal because the State did not object to his criminal history. He compares his case to *State v. Oliver*, 30 Kan. App. 2d 665, 46 P.3d 36 (2002). There, the district court found the defendant had a criminal history score of C. The State did not object to the criminal history score and told the court the defendant's municipal convictions could not be aggregated. The State later moved to correct an illegal sentence, arguing some of the defendant's municipal convictions should have been aggregated, resulting in a criminal history score of B. The district court granted the State's motion and resentenced the defendant.

On appeal, this court vacated the defendant's sentence and remanded to reinstate the original sentence. 30 Kan. App. 2d at 667-68. The *Oliver* court held: "'When the State agrees to a defendant's criminal history, even if the criminal history is incorrect, the

5

sentence imposed based on that criminal history is not illegal because it is a proper sentence for the agreed upon grid block.'" 30 Kan. App. 2d at 667 (quoting *Neal v. State*, 25 Kan. App. 2d 705, 705-06, 971 P.2d 748 [1998]). The *Oliver* court also found:

> "This court has repeatedly held that a sentence within the wrong sentencing grid block under the Kansas Sentencing Guidelines Act, K.S.A. 21-4701 et seq., is not an illegal sentence when the criminal history category was stipulated to by the parties. *Neal*, 25 Kan. App. 2d at 705; *Thompson v. State*, 25 Kan. App. 2d 659, 967 P.2d 361 (1998); *State v. McBride*, 23 Kan. App. 2d 302, 304, 930 P.2d 618 (1996); *State v. Tolliver*, 22 Kan. App. 2d 374, 380, 916 P.2d 725 (1996). The justification behind this rule is that one who invites error by his or her own acts cannot then complain or take advantage of it on appeal. *Neal*, 25 Kan. App. 2d at 706." *Oliver*, 30 Kan. App. 2d at 667.

While *Oliver* weighs in Schulze's favor, it was decided over 17 years ago, and the invited error doctrine has changed. When *Oliver* was decided, some Kansas caselaw held the invited error rule prevented parties from challenging an illegal sentence on appeal if they had stipulated to or failed to object to the defendant's criminal history. For example, in *State v. McBride*, 23 Kan. App. 2d 302, Syl. ¶ 3, 930 P.2d 618 (1996), *overruled by State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015), a panel of this court held "[a] defendant who invites error by stipulating to his or her criminal history cannot request a correction of sentence under K.S.A. 22-3504 after pronouncement of sentence." See also *State v. Goeller*, 276 Kan. 578, 585, 77 P.3d 1272 (2003), *overruled by Dickey*, 301 Kan. 1018; *State v. Vandervort*, 276 Kan. 164, 175-76, 72 P.3d 925 (2003), *overruled by Dickey*, 301 Kan. 1018. And *Oliver* relied on *McBride* in reaching its holding. *Oliver*, 30 Kan. App. 2d at 667.

But another line of cases distinguishes between a stipulation to the factual basis for the defendant's criminal history and a stipulation to its legal effect. In *State v. Donaldson*, 35 Kan. App. 2d 540, 544, 133 P.3d 154 (2006), a panel of this court held "no party can properly stipulate to an incorrect application of the law." As a result, "the

6

defendant's failure to object to his criminal history score . . . merely prevents him from challenging the factual basis for the criminal history classification." 35 Kan. App. 2d at 544.

Our Supreme Court reached the same conclusion in *State v. Weber*, 297 Kan. 805, 813-14, 304 P.3d 1262 (2013). There, the defendant challenged the district court's designation of his prior out-of-state conviction as a sexually violent crime to classify him as an aggravated habitual sex offender and impose an enhanced sentence. The State argued the defendant's challenge was barred because he had failed to challenge the classification at sentencing.

The *Weber* court agreed the defendant "should be bound by his counsel's stipulation of fact in the district court with respect to his criminal history, *i.e.*, the factual stipulation that [the defendant] was convicted in [another state] of the crime of assault with intent to commit criminal sexual contact in the second degree." 297 Kan. at 814. But the court held the "factual stipulation does not answer the question before us, which is: what is the *legal effect* of that prior conviction on the imposition of an enhanced sentence." 297 Kan. at 814. The *Weber* court concluded defense counsel's stipulation did not bar it from reviewing the legal conclusion drawn from the admitted facts. 297 Kan. at 814-15.

A few years after *Weber*, our Supreme Court in *Dickey* overruled *Vandervort*, *Goeller*, and *McBride*, holding:

> "[A] defendant's stipulation or failure to object at sentencing will prevent the defendant from later challenging the existence of the convictions listed in his or her criminal history. But a stipulation or lack of an objection regarding how those convictions should be classified or counted as a matter of law for the purpose of determining the defendant's criminal history score will not prevent a subsequent challenge under K.S.A. 22-3504(1) of his or her prior convictions. [Citation omitted.]" *Dickey*, 301 Kan. at 1032.

7

While *Oliver* has never explicitly been overruled, it relied on caselaw which has been overruled. *Oliver* also held the State's stipulation to the legal conclusion drawn from the defendant's convictions prevented the State from later challenging the sentence. But parties may not stipulate to the legal conclusions drawn from the defendant's prior convictions. *Dickey*, 301 Kan. at 1032. Thus, we do not find *Oliver* helpful or persuasive.

However, the district court appears to have erred in modifying Schulze's sentence. As Schulze points out, Kansas courts have distinguished between a stipulation to the factual basis for a defendant's criminal history and a stipulation to its legal effect. *Donaldson*, 35 Kan. App. 2d at 544. The invited error rule may preclude review of the former but not the latter. Schulze argues the State's failure to object at the sentencing hearing is more akin to a stipulation to the factual basis of his criminal history score. And under *Weber* and *Dickey*, the State cannot now challenge the existence, or nonexistence, of Schulze's prior convictions.

Schulze also cites *State v. Tolliver*, 22 Kan. App. 2d 374, 916 P.2d 725 (1996). In *Tolliver*, the parties agreed with the PSI report showing the defendant had no criminal history and the district court sentenced him accordingly. The State later moved to set aside the defendant's sentence as illegal, alleging he actually had a lengthy criminal history and was on parole when he committed the crime of conviction. The district court granted the State's motion and resentenced the defendant based on the higher criminal history score.

On appeal, this court vacated the defendant's sentence and remanded the case to reinstate the original sentence. This court held the original sentence was not illegal because it was the appropriate sentence for the agreed upon criminal history score, even if the score was incorrect. In reaching this conclusion, this court explained the State has the burden to prove the defendant's criminal history unless the defendant admits his or her criminal history in court, and the defendant does not have to provide the State with an

accurate criminal history. Because the defendant had not admitted his criminal history, the State had to prove it at the sentencing hearing and the State failed to carry this burden. 22 Kan. App. 2d at 380-81. Another panel of this court summarized *Tolliver* as "embod[ying] the principle that if the State fails to find a conviction or convictions in a defendant's criminal history, the State is prohibited from later amending, and ultimately increasing, the severity level of a defendant's criminal history for the crime or crimes at issue." *State v. Strickland*, 23 Kan. App. 2d 615, 621, 933 P.2d 782 (1997).

*Tolliver* is factually distinguishable. It relied on the rule the State must prove a defendant's criminal history unless the defendant admits his or her history in court. 22 Kan. App. 2d at 380 (citing *State v. Hankins*, 19 Kan. App. 2d 1036, 1047, 880 P.2d 271 [1994]); see also K.S.A. 2017 Supp. 21-6814(a) and (b). In *Tolliver*, the defendant did not admit to his criminal history, but Schulze did in this case. Nevertheless, *Tolliver* supports Schulze's argument, as the State is trying to add newly discovered convictions after his original sentencing.

The State responds parties may not stipulate to an illegal sentence and the invited error rule does not apply, citing *State v. Lehman*, 308 Kan. 1089, 427 P.3d 840 (2018). In *Lehman*, the State recommended the wrong period of postrelease supervision, and the district court sentenced Lehman based on the State's recommendation. The State later moved to correct an illegal sentence, arguing the State recommended term of postrelease supervision was not authorized by statute. The *Lehman* court held invited error did not preclude the State's motion:

> "[W]e do not allow the parties to agree upon or stipulate to an illegal sentence. . . . A corollary to the proposition that a party is not bound by his or her stipulation to an illegal sentence is that a party cannot be bound by a requested illegal sentence through the invited error doctrine. An illegal sentence may be corrected regardless of whether one or more parties may have had a hand in arriving at the illegality. [Citations omitted.]" *Lehman*, 308 Kan. at 1093.

9

The State argues *Lehman* controls the present situation: "Surely if the State is not precluded from filing a motion to correct an illegal sentence under these two theories under *Lehman*, the State should likewise not be prevented from filing this type of motion as an attempt to re-litigate an erroneous criminal history score." The *Lehman* court found the sentence was illegal because the statutorily required length of postrelease supervision had been imposed in error. Here the sentence was legal when first imposed based on the provided PSI.

While *Lehman* may have declined to apply the invited error rule to the requested illegal sentences, it did not negate the earlier distinction made between factual and legal stipulations. The State has not cited any cases suggesting the Kansas Supreme Court is departing from this distinction. Based on *Dickey* and *Weber*, the State cannot now challenge the factual basis for Schulze's criminal history score because it failed to object to it before the district court. However, in the future, the State can rely on the newly discovered convictions should Schulze be convicted of another crime. See *Jenkins v. State*, 32 Kan. App. 2d 702, 709-10, 87 P.3d 983 (2004).

Sentence vacated and case remanded with directions to resentence based on the first PSI report.