Gardner, J.,
dissenting: A jury convicted Thomas of second-degree murder on July 19,2002. A presentence investigation (PSI) *27 report prepared prior to sentencing indicated that Thomas’ criminal history scored B, based in part on a 1990 juvenile adjudication under K.S.A. 21-3715 which his PSI listed as “Burglary (Building Used As a Dwelling)” and classified as a person felony. Thomas did not object to his criminal history report and affirmatively admitted in his motion for a downward departure that the information on his PSI was correct. I agree with the State’s argument that Thomas’ challenge to tire existence of that crime in his criminal history is barred by the invited error doctrine under Dickey.

A defendant’s criminal history must be admitted or proved

A defendant’s criminal history can be established at sentencing in only two ways: the defendant may admit the history, or the prosecution may prove the history to the district court by a preponderance of evidence. See K.S.A. 21-4715(a), recodified in K.S.A. 2015 Supp. 21-6814(a) (providing that tire defendant’s criminal history “shall be admitted in open court by the offender or determined by a preponderance of the evidence at the sentencing hearing by the sentencing judge”).
The same statute establishes a procedure for challenging any error in the proposed criminal history worksheet:
“(b) Except to the extent disputed in accordance with subsection (c), the summary of the offender’s criminal history prepared for the court by the state shall satisfy the state’s burden of proof regarding an offender’s criminal history.
“(c) Upon receipt of the criminal history worksheet prepared for the court, the offender shall immediately notify the district attorney and the court with written notice of any error in the proposed criminal history worksheet. Such notice shall specify the exact nature of tire alleged error. The state shall have the burden of producing further evidence to satisfy its burden of proof regarding any disputed part, or parts, of the criminal history and the sentencing judge shall allow the state reasonable time to produce such evidence to establish the disputed portion of the criminal history by a preponderance of the evidence.” K.S.A. 21-4715.
See State v. Schow, 287 Kan. 529, 536-37, 197 P.3d 825 (2008).
As the statute states, tine time and place to challenge the existence of a conviction listed on a defendant’s criminal history in the PSI is when the defendant receives the worksheet, before he or she is sentenced. K.S.A. 21-4715. This makes sense because the *28 defendant’s criminal-history score affects tire defendant’s presumptive sentence under the Kansas Sentencing Guidelines Act. When a defendant disputes the existence of a conviction at that time, the procedures for fairly handling that challenge are established by the statute above; thus, the parties know what the defendants notice of an error must state, who has the burden of producing evidence regarding criminal history, how much time the State has to produce additional evidence, and what standard of proof applies. K.S.A. 21-4715. Permitting a defendant to challenge the existence of his or her criminal history used to determine one’s sentence in a collateral attack filed years after a conviction, as Thomas does now, not only flies in the face of Dickey’s unambiguous language but also is unbounded by the procedures that should govern such a challenge.

Thomas admitted his criminal history

It is uncontested that Thomas did not notify the court of any error in his criminal history worksheet upon receiving it or at sentencing. Thomas’ criminal history was proved not by the State’s meeting its burden of proof by a preponderance of the evidence, but by Thomas’ admission.
Additionally, Thomas, through counsel, affirmatively admitted Thomas’ prior crime of “burglary of a building used as a dwelling” in arguing his motion for a downward departure, saying,
“that he was age 17 at the time of the commission of this crime but tried as an Adult by reason of his other juvenile record, to-wit: a) Burglary of a building used as a dwelling, committed as a juvenile, convicted on February 27,1990, age 16 at the time of the commission.”
Dickey bars a post-sentencing challenge to the existence of convictions listed in the PSI
Our Supreme Court recently reaffirmed application of the invited error doctrine in State v. Dickey, 301 Kan. 1018, 1032, 350 P.3d 1054 (2015). After reviewing the line of cases examining whether a criminal defendant should be bound by his or her counsel’s stipulation of fact in tire district court with respect to his criminal history, Dickey found:
“It appears that the legal reasoning of Neal and Weber is more sensible than the line of cases holding that a defendant waives a subsequent challenge to the *29 classification of prior convictions or to his or her criminal history score if he or she stipulated or failed to object to the classification or score at sentencing. As Weber indicates, a defendant’s stipulation or failure to object at sentencing toill prevent the defendant from later challenging the existence of convictions listed in his or her criminal history. But a stipulation or lack of an objection regarding how those convictions should be classified or counted as a matter of law for the purpose of determining the defendant’s criminal history score will not prevent a subsequent challenge under K.S.A. 22-3504(1) of his or her prior convictions. Weber, 297 Kan. at 814-15. Accordingly, to the extent that Yanderoort, Goeller, and McBride stand for the proposition that a legal challenge under K.S.A. 22-3504(1) is waived if the defendant stipulated or failed to object at sentencing to the classification of prior convictions or the resulting criminal histoiy score, those cases are specifically overruled.” (Emphasis added.) Dickey, 301 Kan. at 1032.
Under the plain language of this holding, Thomas’ “failure to object at sentencing will prevent [him] from later challenging the existence of convictions listed in his . . . criminal history.” 301 Kan. at 1032. Thomas’ failure to object at sentencing prevents him from now challenging the existence of his conviction for “Burglary (Building Used As a Dwelling),” which was listed in his criminal history.
Dickey’s facts are distinguishable
The facts in Dickey are distinctively different from those in this case. In Dickey, the defendant’s PSI listed a 1992 juvenile adjudication for “burglary” which the court services officer (CSO) had scored as a person felony, evidencing the CSO’s conclusion that the burglary involved a “dwelling.”
“A PSI report was prepared prior to the hearing showing that Dickey had 55 prior convictions, including 3 person felonies, 12 nonperson felonies, and 40 nonperson misdemeanors. The individual who prepared the PSI report designated Dickeys criminal history score an ‘A’ based on the finding drat Dickey had three prior adult convictions or juvenile adjudications for person felonies. See K.S.A. 2014 Supp. 21-6809 (offender falls into criminal history category A when offender’s criminal histoiy includes three or more adult convictions or juvenile adjudications for person felonies, in any combination). One of the three offenses scored as a person felony was a 1992 juvenile adjudication for burglaiy, which occurred prior to tire enactment of the KSGA and the classification of crimes in Kansas as either person or nonperson.
"Under K.S.A. 2014 Supp. 21-6811(d), in order to classify the 1992 burglary adjudication as a person felony, the person who prepared the PSI would have had to conclude that the 1992 burglaiy involved a ‘dwelling,’ which is defined as ‘a *30 building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home, or residence.’ K.S.A. 2014 Supp. 21-5111(k).” Dickey, 301 Kan. at 1022.
Thus, in Dickey, there was a missing link between the prior crime listed on the defendants PSI (burglary) and the conclusion stated on the PSI (burglary was a person felony) that required the district court to fill in the blank with unproven facts (the burglary involved a dwelling). See Dickey, 301 Kan. at 1033-34.

Thomas is making a post-sentencing challenge to the existence of convictions listed in his PSI

No such missing link exists in this case. Thomas admitted the existence of the prior crime listed on his PSI (burglary used as a dwelling) which compelled tire legal conclusion stated on his PSI (burglary was a person felony). The district court did not engage in any factfinding.
Thomas has admitted to the crime of “burglary of a dwelling” in his PSI. Dickey did not. Dickey challenged the scoring of his conviction for "burglary,” or its legal effect, but did not challenge the existence of the crime listed on his PSI, as Thomas does. Although Dickeys challenge regarding how his burglary conviction should be classified or counted as a matter of law for tire purpose of determining his defendants criminal history score was not barred by his failure to object at sentencing, Thomas’ challenge to the existence of a conviction listed in his criminal history is barred under Dickey’s plain language.
Dickeys holding means what it says
Dickey’s holding that “a defendant’s stipulation or failure to object at sentencing will prevent the defendant from later challenging the existence of convictions listed in his or her criminal history” is not mere dicta—that language made a distinction necessary to the issue being decided in Dickey and was the resolution of the court’s extensive analysis of its prior cases applying the invited error doctrine. 301 Kan. at 1032.
That holding is not mere surplusage—instead, those words mean what they plainly say. It is a cardinal rule of statutory construction that a provision should not be interpreted as to render *31 some language mere surplusage. See Northern Natural Gas Co. v. ONEOK Field Services Co., 296 Kan. 906, 918, 296 P.3d 1106 (2013). That same rule should apply to our interpretation of Supreme Court holdings—tire justices mean something when they choose which words to use in drafting their opinions, as do legislators when they draft statutes. Just as reliance on the plain and unambiguous language of a statute is “the best and only safe rule for determining the intent of the creators of a written law,” reliance on the plain and unambiguous language of a controlling decision is best. State v. Spencer Gifts, LLC, 304 Kan. 755, 761, 374 P.3d 680, 686 (2016). If Dickey’s italicized language does not apply to these facts, it is meaningless.
Dickey’s holding that “a defendant’s stipulation or failure to object at sentencing will prevent the defendant from later challenging the existence of convictions listed in his or her criminal history” is unremarkable, as our Supreme Courts invited error or lating to a fact, which bars a later challenge to the existence of that fact, and stipulating to the legal effect of a fact, which does not bar a later challenge. See State v. Weber, 297 Kan. 805, 814, 304 P.3d 1262 (2013) (agreeing that “Weber should be bound by his counsel’s stipulation of fact in the district court with respect to his criminal history, i.e., the factual stipulation that Weber was convicted in Michigan of the crime of assault with intent to commit criminal sexual contact in the second degree,” but finding that factual stipulation did not bar a challenge to “the legal effect of that prior conviction on the imposition of an enhanced sentence”); State v. Goeller, 276 Kan. 578, 585, 77 P.3d 1272 (2003) (citing Vandervort for the general rule that a defendant who invites error by stipulating to his or her criminal history cannot request a correction of sentence under K.S.A. 22-3504 after pronouncement of the sentence, but noting that generally, an appellate court has jurisdiction to consider whether the district court erred in determining the appropriate classification of the defendant’s prior convictions); State v. Vandervort, 276 Kan. 164,175-76, 72 P.3d 925 (2003) (recognizing the “general rule” that a defendant who invites error by stipulating to his or her criminal history cannot request a correction *32 of sentence under K.S.A. 22-3504 after pronouncement of the sentence, but finding the Court of Appeals had erroneously refused to consider defendant’s challenge to his criminal history classification on appeal).
This court has done the same. See State v. McBride, 23 Kan. App. 2d 302,304,930 P.2d 618 (1996) (“[The defendant] stipulated to his criminal history during sentencing; he cannot now complain that it was incorrect. Such argument has been waived.”); State v. Donaldson, 35 Kan. App. 2d 540, 543-44,133 P.3d 154 (2006) (distinguishing between a stipulation to the factual basis for the defendants criminal history classification and a stipulation to its legal effect); State v. Ruiz, 51 Kan. App. 2d 212, 230-31, 343 P.3d 544 (2015) (citing cases and stating “we agree with the State that Weber should be bound by his counsel’s . . . factual stipulation that Weber was convicted in Michigan of the crime of assault with intent to commit sexual contact in the second degree. But that factual stipulation does not answer the question . . . [of] the legal effect of that prior conviction on the imposition of an enhanced sentence”).
Hankins is distinguishable
State v. Hankins, 304 Kan. 226, 372 P.3d 1124 (2016), did not hold otherwise, as the issue there was whether a crime listed in the PSI, which was later asserted to be a deferred judgment, was or was not a conviction under Kansas law.
“In conclusion, we hold drat under Kansas law, the entry of a judgment of guilt by the foreign court is necessary to meet this State’s definition of a conviction. Under the Oklahoma deferred judgment procedure, a judgment of guilt was never lawfully entered upon Hankins’ plea of guilty, and, dierefore, he did not have a conviction for purposes of calculating a criminal history score in this State. Han-kins’ sentence is vacated, and the matter is remanded for resentencing with the proper criminal history classification.” Hankins, 304 Kan. at 238-239.
Hankins thus did not overrule Dickey, but sought to apply it to facts unlike those in this case. The difference between a deferred judgment and a conviction involves a legal conclusion; whether a defendant has been convicted of burglary of a dwelling under the circumstances presented in this case does not.
*33 Applying Dickeys holding does not offend Apprendi.
This common sense interpretation of Dickey’s plain language is consistent with Apprendi. Apprendi requires that any fact that increases the penalty for a crime beyond the statutory maximum, except the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).
“The policy rationale behind Apprendi is that a court violates the United States Constitution if it. invades the jury’s territory by finding facts at sentencing. See Shepard v. United States, 544 U.S. 13, 25, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005) (plurality opinion) (‘[Tjhe Sixth and Fourteenth Amendments guarantee a jury standing between a defendant and the power of the State, and they guarantee a jury’s finding of any disputed fact essential to increase the ceiling of a potential sentence.’). A narrow exception exists for judicial factfinding regarding the existence of a prior conviction because of the procedural safeguards which attach to such a fact. Apprendi, 530 U.S. at 488. As a result, in the typical case under our sentencing guidelines, tabulating a defendant’s prior convictions to determine the criminal history score, which usually has the effect of increasing a defendant’s sentence, does not violate a defendant’s jury trial rights. See State v. Ivory, 273 Kan. 44, 46-48, 41 P.3d 781 (2002).” Dickey, 301 Kan. at 1036.
Thomas challenges only the fact of his prior conviction. As Dickey found, Apprendi is implicated when a district court, for purpose of increasing the statutory maximum sentence for a current conviction, “makes findings of fact at sentencing that go beyond merely finding the existence of a prior conviction” or the statutory elements that made up the prior conviction. Dickey, 301 Kan. at 1036 (citing Descamps v. United States, 570 U.S. __, 133 S. Ct. 2276, 2288-89, 186 L. Ed. 2d 438 [2013]). Apprendi exempts “the fact of the prior conviction” from its requirement that facts increasing the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. 466. See State v. Ivory, 273 Kan. 44, 46-47, 41 P.3d 781 (2002) (citing favorably the reasoning that any due process or Sixth Amendment concerns arising out of the judicial determination of a “fact” that increased punishment beyond the statutory maximum were mitigated in Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 [1998], by both the certainty that procedural safeguards are attached to any fact of prior *34 conviction, and the reality that the defendant did not challenge the accuracy of that fact in his case).
The “ ‘statutory maximum’ for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.” Blakely v. Washington, 542 U.S. 296, 303, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). See State v. Soto, 299 Kan. 102, 119, 322 P.3d 334 (2014) (noting the Supreme Courts holding “that any additional facts necessary to increase the punishment for a crime beyond the maximum punishment a judge could impose based solely on the facts reflected in the jury verdict or admitted by the defendant must be submitted to a jury and proven beyond a reasonable doubt” [Emphasis added.]). Thomas admitted the fact of his prior conviction for “Burglary (Building Used As a Dwelling),” by not disputing that portion of his criminal history pursuant to the procedures established in K.S.A. 21-4715.
The district court did not make a factual finding as to whether Thomas committed the burglary of a dwelling in 1990—Thomas admitted he had. The district court did not make any finding at sentencing that went beyond merely finding the existence of that prior conviction for “Burglary (Building Used As a Dwelling).”
I would affirm.